## WARDROP v. HARRISON.

No. 3985.   Decided January 18, 1924.   Rehearing Denied February 13, 1924.   (221 Pac. 1069.)

1. PARTNERSHIP—MONEY ON HAND AND TURNED OVER TO RECEIVER DEDUCTED FROM TOTAL RECEIPTS IN DETERMINING RIGHTS OF PARTNERS.   Where, on dissolution of a partnership, receiver took charge of money in bank which had been received by the partnership and deposited, the money so received should be deducted from total receipts of the partnership in determining respective rights.

2. APPEAL AND ERROR—ABSENCE OF MOTION TO RETAX RECEIVER'S COSTS PRESENTS NOTHING FOR REVIEW.   In action for dissolution of partnership and accounting of partnership assets, in which plaintiff had money judgment against defendant, where no motion was made in trial court to retax receiver's costs, no question is presented for review.

3. PARTNERSHIP—COST OF RECEIVERSHIP PRIMARILY CHARGED AGAINST ASSETS IN RECEIVER'S HANDS.   On dissolution of a partnership, cost of administering a receivership is primarily a charge against partnership assets in the receiver's hands.

Appeal from District Court, Third District, Salt Lake County; *L. B. Wight,* Judge.

Action by Earl Wardrop against James Harrison. Judgment for plaintiff, and defendant appeals.

REMANDED with directions.

*H. S. Tanner,* of Salt Lake City, for appellant.

*E. A. Rogers,* of Salt Lake City, for respondent.

GIDEON, J.

This is an action for dissolution of a partnership and for an accounting of the partnership assets. Plaintiff had judgment dissolving the partnership, and also a money judgment against the defendant. The appeal is taken from the judgment in its entirety, but no complaint is made concerning the order dissolving the partnership.

The plaintiff and defendant on December 17, 1920, entered into articles of copartnership as follows:

"1st. This agreement made this 17th day of December, in the year nineteen hundred and twenty at Salt Lake City, Utah, by and between James Harrison, party of the first part, and sole owner and proprietor of the National House & Carpet Cleaning Company, now doing business at No. 56 Post Office Place, Salt Lake City, Utah, and Earl Wardrop, party of the second part, owner of the Kem Manufacturing Co., a corporation now doing business at 361 Kensington Avenue, also of Salt Lake City.

"2. The purpose of this agreement is to combine aforesaid companies consolidating under the name of the National House Cleaning & Manufacturing Co., with main office at 56 Post Office place, Salt Lake City, Utah, and will transact business under that name hereafter for an undetermined period. The new company will carry on the business of general house cleaning, decorating, papering, paper cleaning, etc., or all the classes of work which has been carried on while first party was called the National House & Carpet Cleaning Co. Also to manufacture any and all products made by the second party.

"3. First party agrees to place into the new company three hundred ($300.00) dollars in cash with full stock now on hand and the business now belonging to him.

"4. The second party will likewise place into the new company three hundred ($300.00) dollars in cash together with full stock now on hand and machinery and the business now belonging to him. Also all formulas (which will be written and attached to this agreement and placed in a local bank). Also one roller top desk.

"5. This will make a total of six hundred ($600.00) dollars in cash by which to finance the new company.

"6. The first and second parties must pay off all their indebtedness and obligations before attaching themselves to the new company.

"7. Should either party want to dissolve partnership, or sell his

interest, must give the other party the first opportunity to buy his interest, or if there is any disagreement between the two parties; either party to this agreement taking equal share of the profits of the company."

In its eighth finding among other things, the court found the amount of the total receipts, the amount of the disbursements, what is designated net profits, the amount each partner had withdrawn from the firm, and, after balancing those items, determined the amount plaintiff was entitled to receive in addition to what he had received. Judgment was entered against the defendant for that amount.

The complaint was filed November 19, 1921. Subsequently, on November 28th, a receiver was appointed. In the order the receiver was authorized to take charge of the partnership affairs, and the order contained this provision:

"Such receiver shall thereupon permit each plaintiff and defendant to take and receive such property as he turned into the partnership when formed and divide materials and supplies on hand, tools or other property purchased since the formation of the partnership, take the receipts of the respective parties therefor."

The receiver was further directed to retain and safely keep in some bank the moneys on hand; to take charge of and safely keep all books, records, cards, or other evidences of the assets and liabilities, particularly the moneys owing to the partnership. Presumably under that order the receiver permitted plaintiff and defendant to take whatever was remaining of the property they had respectively turned into the partnership and also that the receiver divided the tools and other property purchased during the existence of the partnership satisfactorily between the parties. No complaint is made of any of the acts of the receiver. There is nothing in the record indicating that the receiver did or did not comply with this order as to the division of property, but it appears to be conceded, or, rather, accepted as a fact, that the only property in the hands of the receiver was certain moneys in the bank, and the accounts receivable turned over to him.

Appellant assails the court's findings as to the receipts, disbursements, and net profits of the partnership as being contrary to the weight of the evidence.

It is established beyond controversy, and it appears from the articles of agreement, that both plaintiff and defendant were and had been engaged in business prior to and at the date of the formation of the partnership. It is without dispute that defendant had outstanding at the time of the formation of the partnership bills receivable in the sum of $972.48, which were collected during the existence of the partnership and before the appointment of the receiver, and that the money was mingled with the partnership funds. That amount was included in the total receipts as found by the court. One of the principal contentions of appellant is that the court erred in including said amount in the receipts of the partnership.

It is argued that the third paragraph of the contract does not warrant that construction, and that other provisions of the contract negative any such claim. The controversy hinges on the construction of the phrase "and the business now belonging to him." Appellant contends that the meaning of the word "business" as used in that phrase does not include any personal indebtedness for work done or for goods sold by either party prior to the formation of the partnership. The word "business" is a comprehensive one, and no definition has as yet been, and in the nature of things cannot be, formulated or applied prescribing or limiting just what the word may include within its meaning. To arrive at the meaning and intent of the parties in using that word it is necessary to consider its relationship to other provisions of the contract and the circumstances and facts surrounding the particular transaction.

The plaintiff testified, without objection, that defendant stated that he would put the money owing to him from old customers into the new company, and that such amount was to balance certain products which he (the plaintiff) had turned into the partnership. That testimony was disputed by defendant. The money was received from those bills receivable after the formation of the partnership, and was deposited in the same bank account with the funds of the partnership, and made subject to the checks of the partnership. It was used in carrying on the partnership business.

These facts lend support to the claim of plaintiff that this prior indebtedness was to become and be a part of the partnership assets.

The court made no direct finding that those bills receivable were to become a part of the partnership assets, but its findings are, inferentially, at least, to the effect that the same were a part of the partnership property.

The court found the total receipts of the partnership to the date of the appointment of the receiver, and that finding, except as herein later pointed out, and its findings as to the expenditures and the amount each partner had received, are supported by competent proof. The evidence is not such as to justify this court in disturbing these findings otherwise than as hereinafter pointed out. The books of the partnership were loosely kept, and it is practically impossible for either a court or an accountant to determine with anything like absolute accuracy just what the receipts and disbursements and the net profits were. Two accountants, one for the plaintiff and one for the defendant, attempted to audit the books and other records of the partnership. Those accountants did not agree in all particulars a fact not at all surprising in view of the condition of the books. The court heard the witnesses, observed their demeanor, had the books and records of the partnership before it, and spent several days in hearing the proof offered by the parties.

It appears that the receiver took charge of the accounts owing to the partnership and the money deposited in bank at the time of his appointment. The money in bank amounted to $389, and the accounts to $869. Of necessity the money in bank had been received by the partnership before being so deposited, and showed upon the books of the partnership as receipts of the partnership. That amount at least, was necessarily included in the total receipts as shown upon the books of the partnership, and was included within the total receipts as found by the court. The partnership, by the appointment of the receiver, was deprived of that money. It should have been deducted by the court from the total receipts in determining the respective rights

of the partners. The total receipts as found by the court should be reduced by subtracting the cash in bank at the date of the appointment of the receiver.

There is included in the cost bill an item as follows:

"Expense and compensation of T. H. Haller, receiver, $218.00."

Some reference is made to that in the brief of appellant. No motion was made in the trial court to retax the costs; hence that matter is not properly before this court for review. It is, however, so manifestly erroneous to include that item in the cost bill against the defendant that the **2, 3** trial court should, and we are satisfied it will when the matter is called to its attention, on its own motion strike that item from the cost bill. The cost of administering the receivership is primarily a charge against the assets in his hands. It appears without dispute that there is sufficient money in the receiver's hands to pay those expenses.

It does not appear what amount was collected by the receiver from the accounts turned over to him. There is testimony that the amount of those accounts was not in the receipts found by the court.

We are of the opinion, and so advise, that the court should require the receiver to make a report of the funds in his hands before entering final judgment against the defendant for whatever amount shall be found due the plaintiff from the defendant, unless it appears that the parties by some agreement have divided the funds in the hands of the receiver or the court has made some order disposing of such funds. The amount accounted for by the receiver, less his expenses, if not otherwise distributed by agreement of the parties or by order of the court, should be by the court directed to be paid to the plaintiff and the amount credited on his judgment and final judgment entered against the defendant in favor of the plaintiff for any balance.

The cause is remanded to the district court, with directions to proceed in accordance with the views herein expressed. Costs on appeal are to be equally divided between the parties.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.

On Application for Rehearing.

PER CURIAM. Respondent has filed a petition, designated a petition for rehearing; in which it is insisted that the court in its opinion, in directing the expense of the receivership to be stricken from the cost bill, is determining a question which should properly be left to the discretion of the trial court. The language found in the opinion is probably susceptible of the construction of which respondent complains. Authorities relied upon and cited in the petition for rehearing were not called to our attention in the briefs before us when the case was submitted. We are still convinced that the item of $218 was not properly included in the cost bill. However, if in the final settlement of the partnership the trial court should be of the opinion that the costs of receivership, under the circumstances and facts of this case, should be charged against the defendant, that order should be based upon a finding and included in the court's judgment and decree, and not merely inserted as an item of cost in the cost bill. We are not to be understood by the opinion as taking that discretion away from the trial court in this case.

Petition for rehearing is denied.