On March 2, 1925, an order was made by the board of medical examiners of the state, revoking the license of W.R. Shortridge, to practice medicine and surgery in North Dakota. The grounds alleged in the order are set out as follows: That the licensee was, in August, 1924, convicted of a crime involving moral turpitude, to wit: Registering at a hotel at Fort Yates, this state, under a fictitious name; that in August, 1924, he performed a criminal abortion upon a person named in the order; and that on December 5, 1924, he was convicted of a felony, to wit; murder in the second degree. On April 30, 1925, a notice of appeal from this order to the district court was filed in the office of the clerk of the district court of Grand Forks county. The notice of appeal demands a trial anew and alleges that it is taken under § 468, Comp. Laws 1913. The hearing before the state board took place in Grand Forks county. The defendant was at the time of the hearing a resident of Flasher, Morton county, North Dakota.
On April 30, 1925, the clerk of the district court served a notice on the secretary of the state board of medical examiners to transmit the record in the case within ten days. *Page 616 
The proceedings were initiated by an order, dated December 10, 1924, directing the licentiate to show cause, on January 8, 1925, in the office of the secretary in the city of Grand Forks, Grand Forks county, North Dakota, why his license to practice medicine should not be revoked and his name stricken from the roll of licensed practitioners. The order was made upon a complaint charging the appellant with having committed crimes involving moral turpitude, to wit: registering under an assumed name and performing a criminal abortion. There appears as a part of the record a criminal complaint before a justice of the peace of Sioux county, charging the licensee with registering under a fictitious name; a criminal warrant; a criminal subpoena; a page from the hotel register; an affidavit for a change of venue from the justice of the peace; the transcript of the minutes of the justice court showing that the case was transferred to another justice; the return of the justice on an appeal from the judgment of conviction, it appearing therefrom that the licensee appealed to the district court of Sioux county; the undertaking on appeal, the order of the board of medical examiners revoking the license to practice medicine; affidavit of service of the order of revocation, on March 10, 1925. There is also a part of the record a judgment of the district court of Stark county, sentencing the licensee to serve ten years in the state penitentiary for the crime of murder in the second degree; this judgment is dated December 8, 1924.
There are also incorporated in the record the moving papers for a change of venue in the form required in civil actions in the district court. The appellant deposes that he was and has been at all times material, a resident of Morton county, and that he has not at any time been a resident of Grand Forks county. The motion for a change of venue was denied. There is also an affidavit by one of the attorneys for the licensee showing that an appeal is to be taken from the judgment of conviction in the criminal action in Stark county. It appears that in that action stays were granted from time to time to enable the defendant to perfect his appeal. There is an affidavit by the licensee in the district court of Grand Forks county, in connection with his appeal from the order of the board, in which he says that an appeal from the judgment of conviction in the justice court of Sioux county, on the charge of registering under a fictitious name, has been *Page 617 
perfected and that the proceeding remains undisposed of in the district court; that, therefore, the conviction is not a completed procedure; that the licensee has made a motion for a new trial in the case in which he was convicted in Stark county, and that if the motion is denied he will forthwith appeal to the supreme court. It is then alleged that these proceedings are incomplete and in substance do not constitute a conviction within the terms of the statute authorizing on that ground the revocation of license to practice medicine. Such is, in substance, the return or answer of the licensee to the order to show cause in the district court.
The matter first came up in the district court on June 25, 1925, the board and the appellant both being represented by counsel. It appears from the order of the district court that the respondent moved, at that time, for a change of venue, for a continuance, for a trial de novo and for a jury trial, all of which motions were denied. The district court ruled that it was sitting as a court of review to review the proceedings before the board of medical examiners. It appears that the respondent asked leave to file affidavits showing the true condition with respect to the status of the cases against the respondent heretofore mentioned. The trial of the case was set for June 30, 1925.
On July 1, 1925, an order was made by the district court affirming, in all things, the findings and decision of the board of medical examiners cancelling the appellant's license to practice medicine.
The licensee appeals from the order of the district court denying his motion for a change of venue, for a trial de novo, for a jury trial, from the order denying his motion to take evidence before the district court, and from the order affirming the findings and decision of the board of medical examiners revoking the licenses. The appellant demands "a review of all of the proceedings in said matter before the supreme court."
Section 468, Comp. Laws 1913, deals with the subject of revoking licenses to practice medicine. It is there provided that the board of medical examiners may revoke the license of a physician upon certain grounds enumerated in the statute; that it "shall keep a record of all its proceedings together with the evidence offered in the matter of revoking or refusing licenses hereunder." Among the grounds named are conviction of a felony, or of a crime involving moral turpitude; *Page 618 
procuring or aiding or abetting in procuring or attempting to procure a criminal abortion; negligent or ignorant malpractice resulting in permanent injury or death. The statute provides for an appeal in the following language: "An appeal from the final decision of such board shall lie to the district court of the county in which such decision was made, within sixty days after notice to the party aggrieved. The record on appeal shall consist of the entire proceedings of such board, together with the evidence offered. Such appeal shall be governed by the code of civil procedure so far as applicable."
Section 468, supra, is a part of the statutes regulating the practice of medicine enacted as chapter 189, of the Session Laws of 1911. There does not appear to be any provision governing the venue of the proceeding before the state board of medical examiners. In the case at bar the licentiate was directed to show cause before the board in the office of its secretary at Grand Forks in Grank Forks county. He appeared at the time and place stated in the order to show cause; offered testimony and a due hearing of the case was had. It is not suggested that he made a request to the board for a change of venue; he did not move that the hearing before the board be had in the county of his residence, but, apparently, without objection, submitted to the jurisdiction of the board sitting in Grand Forks county. The part of § 468, which we have set out, supra, clearly and unmistakably provides that the appeal from the order of the board lies to the district court of the county in which "such decision was made." It does not say that the case may thereafter be transferred to the county of the respondent's residence. The respondent himself appealed to the district court of Grand Forks county. The board had jurisdiction, in the circumstances, to hear the matter before it in that county; upon elementary principles, the district court had jurisdiction which the respondent could not oust by an affidavit for a change of venue in the manner provided for changing the venue of cases originating in the district court.
Whether it would ever be a denial of due process of law for the Board to refuse to hear such a proceeding in the county of the respondent's residence, or in some county other than that of the residence of its Secretary, we need not decide. It is conceivable that such a strong showing might be made that it would be error on the part of the Board not to change the place of hearing. Be that as it may, however, there *Page 619 
is no showing that a request for a change was made to the board, and it affirmatively appears that the appellant was present and put in all his evidence, or all evidence he wished to offer.
The appellant's contention is that he has not had a day in court, because the trial court refused to take testimony anew, but decided the case upon the record as transmitted to it by the board of medical examiners. It seems to be the position of counsel that before the appellant may be deprived of the right to practice medicine in this state he is entitled to a trial in the district court; to be confronted by witnesses in that tribunal and that only evidence not legally objectionable shall be adduced and used as a basis for a judgment cancelling his licenses.
The proceeding to cancel a license is not judicial; it is administrative. The state may prescribe the conditions under which a person may be permitted to hold himself out to the public as a qualified physician and surgeon; it may give a board the power to grant and revoke licenses to practice medicine on grounds prescribed in the law. Ordinarily the courts will not interfere with the action of such a board except in cases where it has acted arbitrarily, or threatens to act under statutes purporting to give arbitrary power to deprive a person of the valuable right to practice his profession. Forman v. State Bd. of Health, 157 Ky. 123, 162 S.W. 799; Munk v. Frink, 81 Neb. 631, 17 L.R.A.(N.S.) 439, 116 N.W. 525.
We are of the opinion that the appellant was not entitled to a new trial in the district court, with the right to introduce new evidence. We think that the statute clearly contemplates that the trial in the district court shall be upon the record, transmitted by the board of medical examiners and the evidence upon which that tribunal based its findings and conclusion. Section 468, supra, requires the board to reduce the testimony to writing and to transmit the transcript thereof to the district court in case of appeal. There is no suggestion in the statute that there shall be a new trial in the district court, with the right to offer new evidence, or, perhaps, raise new issues. The statute simply allows an appeal upon the record as made by and before the board. Manifestly, the right of review thus accorded is amply sufficient to protect the right of the physician to due process and to insure against arbitrary action by the board depriving him of substantial legal rights. *Page 620 
It is also contended by the appellant that the correctness of the transcript and the record of the proceedings before the board of medical examiners was not certified and that the district court did not have before it a proper record upon which to act; that the papers which were filed in the district court and transmitted to it, pursuant to the notice of the clerk, were not authenticated by any endorsement showing that they were the instruments used in the proceeding before the board, that the proceedings in the district court were wholly irregular, and that no evidence, upon which the district court could legally act or affirm the findings of the board was before the court.
Appellant likewise insists that the evidence before the board was wholly insufficient to support an order revoking the licenses. The board of medical examiners replies that there was sufficient evidence to support a finding that he performed the criminal operation as charged.
The evidence is not here. We cannot tell what evidence was before the board, or in what form it was transmitted to the district court. It is elementary that it must be presumed that there was sufficient evidence before the district court to warrant the decision from which this appeal is taken. We do not presume error in order to reverse a judgment. Appellant has not brought the transcript into the record on this appeal.
There is no merit in any of the contentions made. For aught that appears to the contrary, the appellant had a fair hearing. The judgment is affirmed.
CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur. *Page 621