MICHIGAN STATE BOARD OF DENTISTRY *v.* SHATTUCK.

1. PHYSICIANS AND SURGEONS—DENTISTS—REVOCATION OF LICENSE—
 APPEAL TO CIRCUIT COURT—STATUTES.
  On appeal to circuit court from decision of State board of den-
  tistry revoking defendant's license to practice dentistry, he
  was entitled to retrial of issues (2 Comp. Laws 1929, §§ 6765–
  6780; Court Rule No. 59, § 8 [1931]).

2. SAME—JUSTICES OF PEACE—RIGHT TO JURY TRIAL.
  On appeal to circuit court from decision of State board of den-
  tistry revoking defendant's license to practice dentistry, he
  was entitled to trial by jury, on demand therefor; practice
  being same as on appeal from justices' courts (3 Comp. Laws
  1929, § 14263).

Appeal from Wayne; Black (Edward D.), J., pre-
siding. Submitted December 23, 1932. (Calendar
No. 36,757.) Decided January 3, 1933.

Proceedings by Michigan State Board of Den-
tistry to revoke the license of Frank L. Shattuck to
practice dentistry. From order of revocation, de-
fendant appealed to the Wayne circuit court. Order
affirmed. Defendant appeals. Reversed, and new
trial granted.

*Paul W. Voorhies,* Attorney General, and *Wendell
Brown,* Assistant Attorney General, for plaintiff.

*R. M. Connor,* for defendant.

McDONALD, C. J. This is an appeal from a judg-
ment of the circuit court of Wayne county affirming
a decision of the Michigan State board of dentistry

by which the license of the defendant to practice dentistry was revoked.

Dr. Shattuck was charged with unprofessional conduct in receiving fees through misrepresentation and fraud, in violation of 2 Comp. Laws 1929, §§ 6765-6780. On a hearing before the full board, he was found guilty, and his license was revoked. He filed an appeal to the circuit court of Wayne county, and demanded a trial by jury. When the matter came on in the circuit, the trial court held that defendant was not entitled to a jury trial; that the proceedings before him were not a retrial of the issue, but were in the nature of a certiorari, and that the only question for his determination was whether the facts shown in the transcript of the proceedings before the board were sufficient to sustain its decision.

The court was in error. The statute, 2 Comp. Laws 1929, § 6773, provides for a review of the decision of the board either by appeal or certiorari. The defendant claimed an appeal.

Section 8 of Court Rule No. 59, Michigan Court Rules (1931), provides:

"Reviews in courts of record other than the Supreme Court, or orders, judgments or decisions of inferior courts or commissions or boards, which are declared by statute to be by 'appeal,' are to be deemed to be retrials of the issues on evidence to be introduced in the reviewing court, unless a contrary intent clearly appears from the language of the statute."

No contrary intent appears in the statute allowing appeals from decisions of the Michigan State board of dentistry. It does appear that the statute intended a retrial of the issue in the reviewing court, for it says that on such appeals the court shall be

vested with jurisdiction to hear and determine the law and facts as on appeals from justices of the peace. Appeals from justices of the peace are tried in the circuit court *de novo.*

The remaining question is whether defendant was entitled to a trial by jury.

The statute, 3 Comp..Laws 1929, § 14263, provides that in courts of record:

''All issues of law shall be tried by the court and all the issues and questions of fact shall be tried by the court, unless a jury be demanded by one of the parties, in a manner prescribed by the rules of the court,'' etc.

This is a civil suit in which, on appeal, jurisdiction is given to the circuit court to determine the questions of fact and law involved according to the practice on appeals from justices' courts. In the retrial of appeals from a justice's court either party is entitled to a jury on demand. The statute gives the judge no discretion. As the statute permitting appeals from a decision of the board provides that the trial shall be conducted in the court of review subject to the procedure for the retrial of justice's court cases, we think it intended to give the defendant the right to a jury trial.

The judgment is reversed, and a new trial granted.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.