MOORMEISTER v. GOLDING, Director of
Registration Department.

No. 5294. Decided August 22, 1934. (35 P. [2d] 307.)

For former opinion, see 84 Utah 324, 27 P. (2d) 447.

*Joseph Chez*, Atty. Gen., *Byron D. Anderson*, Sp. Deputy
Atty. Gen., and *Zelph S. Calder*, Deputy Atty. Gen., for
appellant.

*Irvine, Skeen & Thurman*, of Salt Lake City, for respondent.

PER CURIAM.

In the above cause the judgment of the district court was
reversed granting Moormeister injunctive relief restraining
the department of registration from further proceeding in
the cause to revoke his license to practice medicine and
surgery. The judgment was reversed principally upon the
ground that Moormeister by appeal had an adequate remedy
at law. *Moormeister* v. *Golding, Director of Registration
Department* (Utah) 27 P. (2d) 447. Such ruling was made
largely because of a prior holding of this court in the case
of *Baker* v. *Department of Registration*, 78 Utah 424, 3 P.
(2d) 1082, where it was held that an order of the department revoking a license was appealable to the district court
upon a trial de novo and with right of trial by jury. Moormeister filed a petition for rehearing presenting the question of whether because of Rev. St. Utah 1933, § 79-1-36, an

order of the department revoking a license was appealable and to the extent thereof as held in the Baker Case. As claimed by the petitioner, the matter involved the question (1) an interpretation of the section of Rev. St. Utah 1933, and (2) its application to the case; the section having been adopted after the ruling in the case in the district court and an appeal therefrom to this court, and the section not effective when the case on appeal was heard and submitted. A rehearing was granted, and the case again heard, submitted, and further considered.

The only question presented on the rehearing was in the event the judgment of the district court granting injunctive relief be reversed, the remittitur sent down, the registration department permitted or authorized to further proceed in the case, and in the event the department revoked the license, whether Moormeister, because of the section of the Revised Statutes, had the right of appeal as ruled in the Baker Case and as outlined and held by this court in its prior opinion filed in the cause; the petitioner contending that if in such case it be held he had no such right, the judgment of the district court granting injunctive relief should be affirmed. On the rehearing, the state in effect conceded that, in such case of the license on further proceedings in the cause be revoked by the department, Moormeister had the right to appeal as ruled in the Baker case and as outlined and held in the original opinion filed by this court in this cause. In such particular the state for reasons stated in effect contended that the section of the Revised Statutes referred to had no application. In view of such concession it is unnecessary to construe the section nor to consider its application, from which it follows that our former ruling reversing the judgment of the court below be adhered to and reaffirmed, on the ground that if his license by further proceedings before the department be revoked, Moormeister by appeal has an adequate remedy at law and as outlined and held in our former opinion.

Such is the order.