## STATE EX REL. DR. RALPH COLBERG v. GEORGE C. JENSEN AND OTHERS.[1]

June 9, 1939.

No. 31,973.

[1]Reported in 286 N. W. 305.

*Brophey & Brophey* and *Cummins & Cummins,* for relator.

*J. A. A. Burnquist,* Attorney General, *John A. Weeks,* Assistant Attorney General, and *Peter E. Kamuchey,* Special Assistant Attorney General, for respondents.

LORING, JUSTICE.

This matter comes here on a writ of *certiorari* to review an order of the Minnesota State Board of Optometry revoking the license of the relator to practice optometry in this state.

■ The assignments of error challenge the jurisdiction of the board on the ground of the insufficiency of the complaint and assert that the evidence presented against the relator at the hearing before the board was insufficient to warrant the board's order. The complaint, upon which the board issued its citation and required the relator to appear before it, charged him with being engaged in (1) free examination advertising, (2) price advertising, (3) splitting and dividing fees with others, (4) lending his license to others, (5) conducting himself in a manner likely to deceive and defraud the public, (6) advertising misleading and untruthful statements in connection with optometric practice, treatment, and advice; that instead of practicing the profession of optometry in his own name and in his own right, he organized a corporation under whose name and for and in behalf of which he practiced optometry; that in consequence of the foregoing he was guilty of unprofessional conduct. In an injunction proceeding commenced in the district court to prevent the board from proceeding against the relator on this complaint on the ground that it was not sufficiently definite and certain to give the board jurisdiction, the trial court held that it was sufficient and refused the relator relief. The state now takes the position that the sufficiency of the complaint stands adjudicated because no appeal was taken by the relator, who was the plaintiff in those proceedings. This question aside, we think that under our decisions and the provisions of the optometry act, 3 Mason Minn. St. 1938 Supp. § 5785, *et seq.,* the complaint was sufficient to confer jurisdiction especially as the relator appeared and had abundant opportunity in the proceeding before the board to become aware of

the specific acts charged against him and to refute them. We would have been better satisfied had the relator's motion to make the complaint more definite and certain been granted, but in proceedings before boards like the optometry board we cannot expect the same particularity that would be required in judicial proceedings.

■ In § 5790 (d) unprofessional conduct is defined as:

"Any conduct of a character likely to deceive or defraud the public, including among other things price advertising, and free examination * * *."

In reviewing the determination of administrative boards such as the optometry board this court will inquire no further than to determine whether the board kept within its jurisdiction, whether it proceeded upon a proper theory of law, whether its action was arbitrary or oppressive and unreasonable, and whether the evidence affords a reasonable and substantial basis for the order sought to be reviewed. State ex rel. Dybdal v. State Securities Comm. 145 Minn. 221, 176 N. W. 759.

■ There is in the record sufficient evidence of at least oral advertising of free examination and of newspaper advertisement of prices which in connection with the testimony of witnesses could be held to be of a character likely to deceive and defraud the public. Therefore the order of the board is not without some evidence to sustain it, and the writ of *certiorari* must be discharged and the order of the board affirmed.

Mr. Justice Hilton, being incapacitated by illness, took no part.