WITHERS et al. v. GOLDING, Director of Department
of Registration et al.

No. 6181.  Decided March 27, 1941.  (111 P. 2d 550.)

*D. N. Straup, Willard Hanson,* and *Stewart M. Hanson,* all of Salt Lake City, for appellant.

*Joseph Chez,* Atty Gen., and *Harley W. Gustin* and *George A.* Faust, both of Salt Lake City, for respondents.

McDONOUGH, Justice.

W. L. Withers has appealed from a judgment and decree of the lower court sustaining an order of the Director of the Department of Registration revoking appellant's license to practice dentistry in the State of Utah, the court adding a provisional modification of such order to be hereinafter noted.

In 1938 an investigator for the Department of Registration, by order of the director thereof, filed a petition in said department against appellant and others setting out certain alleged acts of professional misconduct and praying that a citation issue requiring the appearance of the individuals named therein before the department and a representative committee to show cause why the license of each of them to practice dentistry should not be revoked. The individuals named in the petition were given notice and in due time they appeared before the department by their counsel and separately filed demurrers to the petition. The cause came on for hearing, at which time the director of the department overruled the demurrers and, without granting any time in which to further plead, proceeded with the trial of the case, swearing in the committee (appointed pursuant to Sec. 79-1-6, R. S. U. 1933) to hear the case and introducing evidence as to the matters alleged in the petition. However, leave was given to file an answer during the course of the proceedings, and appellant did so. At the conclusion of the evidence a motion to dismiss the action was denied by the director. A verdict was returned by the committee against Withers and others finding them guilty of unprofessional conduct and recommending that their licenses to practice dentistry in the State of Utah be revoked. The director of the department issued an order accordingly, whereupon a proceeding was instituted in the district court in which Withers and the others sought to have a retrial or some sort of a review by the district court of the proceedings before the Department of Registration.

The action of the district court was commenced by what was termed as a "Petition and Notice of Appeal" which is in the nature of a complaint. Therein, Withers and the other defendants in the hearing before the Department of Registration designated themselves as "petitioners and appellants" and set out, in addition to the regular jurisdictional facts necessary in a complaint, the various steps which had been taken before the department as hereinabove set out. It was further alleged that the defendants' motion for a nonsuit was overruled "without right, either of law or of fact, and without warrant or jurisdiction;" that the findings made by the committee were "mere conclusions" and not in compliance with Title 79-1-8, R. S. U. 1933; that said findings, as made, did not "warrant or justify the recommendations made nor the revocation of the licenses of defendants;" that the licenses referred to were

"revoked without authority of law, without evidence adduced to justify or warrant a revocation thereof, that the revocation so ordered and entered was upon insufficient findings to justify or support a revocation of the licenses, and that the said department and the said director, without right and without authority, and contrary to law, and without jurisdiction, proceeded to hear and try the matters and things alleged in the petition * * * without giving or affording the * * * [defendants] an opportunity to join an issue upon the matters alleged in the said petition and to proceed to a hearing thereof on the merits, without first giving the said defendants an opportunity to file an answer controverting the matters and things alleged in the said petition."

The final paragraph sets out that the defendants

"do hereby severally and separately appeal to the said District Court * * * from the said order * * * made and entered in the said Department on the said 20th day of July, 1938, revoking the licenses of the said * * * [defendant] and from the whole thereof, and that the said appeal is taken on questions of both law and fact. And that the said * * * director of the said Department of Registration * * * be required to certify and transmit a record of all of the proceedings * * * to the Clerk of the said District Court * * * including all the papers and documents or certified copies thereof on file in the said Department of Registration in the said

cause, and including the findings or a copy thereof of the said committee and of the said order made and entered by the said director of the Department of Registration revoking and cancelling the licenses of the said * * * [defendants]; that the said matters when so transmitted be heard in the said District Court upon a trial de novo upon all the issues of both questions of law and fact and in accordance with the statute, 79-1-36, R. S. U. 1933, in such case made and provided; that the order made by said Director revoking the licenses of these plaintiffs be set aside and cancelled; and that the petitioners and appellants have such other and further relief in the premises as may be mete and proper."

The Department of Registration filed an answer admitting the allegations of the petition relative to the issuance of the order to show cause and the appearance and participation in the hearing of the defendants and then set out an affirmative defense to said petition by way of justification for the revocation of the licenses involved, the allegations of which will be hereinafter noted.

When the cause came on to be heard, the "petitioners" demanded a jury trial, which the trial court refused. The question was then raised as to the nature of the proceedings before the trial court. The court apparently determined that the proceeding was in the nature of a trial de novo on the record made before the Department of Registration, stating: "This rule would require a review of questions of law, together with an examination of the record made before the Board and the presentation of such additional evidence as the parties may offer, leading to an independent determination of the facts by the trial court."

It ruled also that the department had the burden of going forward with the evidence; and that the record made before the department should be certified to the court.

The trial court made findings of fact to the effect that the proceedings before the Department of Registration "were regular in all particulars" and that the director did not err in the admission of evidence or in denying motion "for dismissal or nonsuit." It also found several acts of professional misconduct on the part of the petitioners (in violation of

Section 79-6-8, R. S. U. 1933, as amended by Chapter 78, Laws of Utah 1935.) From said findings the court concluded that the petitioners were guilty of professional misconduct under the statute and that the order of the Department of Registration revoking the licenses of said petitioners should be affirmed; provided, however, that when any one or all of said petitioners should present satisfactory evidence to the department that he or they had discontinued the acts of misconduct found to have been committed then the department should reinstate such person or persons.

Judgment was entered accordingly, and costs in the sum of $164.65 were assessed against petitioners. W. L. Withers, one of the defendants and petitioners, brings this appeal. The assignments of error may be summarized as follows, viz:

(1) Alleged error of the lower court in refusing (a) to grant appellant a trial upon the issues made by the pleadings in the district court; or (b) to grant a trial de novo on new evidence, and in refusing to grant appellant a jury trial,

(2) Alleged insufficiency of the evidence to support the findings and conclusions of the trial court;

(3) Alleged error in the judgment and decree entered by the lower court;

(4) Alleged error in taxing costs against appellant.

We shall consider them in order:

(1) When the matter came on for hearing before the court below, the question arose as to the nature of the proceeding under the provisions of Section 79-1-36, R. S. U. 1933, reading as follows:

"Any applicant for or holder of a license * * * or any person directly affected and aggrieved by any ruling of the department of registration, may within thirty days after notice of such ruling *institute an action* in the district court * * * against the director in his official capacity setting out his grievance and his right to com-

plain. In his answer the director may set out any matter in justification; and the court shall determine the issues on both questions of law and fact and may affirm, set aside or modify the ruling complained of." (Italics added.)

In a discussion in open court the parties admitted they did not know what procedure the above statute contemplated, and at the suggestion of counsel the record of the proceedings before the Department of Registration was ordered certified to the district court. At the same time the court ruled that "the responsibility of making findings of fact, and interpreting the facts, and also the law, rests upon the court, and denied appellant a jury trial.

When the cause again came on for hearing (after the record before the department had been sent up to the district court) the court ruled as noted, that the burden of going forward with the evidence would be placed on the department. Whereupon the latter submitted the record of the proceedings before it as evidence in the case before the trial court. It then rested.

Appellant objected to the introduction of the record, which objection the court overruled. Appellant thereupon rested and moved the court to dismiss "the proceedings of the Department of Registration" or if findings be made to make them in favor of appellant and to enter judgment accordingly.

The court made findings of fact, conclusions of law, and entered judgment as hereinabove recited.

Appellant argues that the described procedure pursued by the lower court was not in accordance with the provisions of Section 79-1-36, R. S. U. 1933, above quoted. He contends that the proceedings in the district court should have been either (1) a trial on the issues as raised by the petition and answer in said court, or (2) a trial de novo on the issues raised in the proceeding before the Department of Registration; and that upon either theory appellant was entitled to a jury trial.

In order to determine what procedure is contemplated by the statute, it may be helpful to review its historical background and the circumstances surrounding its enactment.

In 1921, Laws 1921, c. 130 § 3, the Legislature passed an act creating the Department of Registration and granting it certain powers, among them being the power to:

"(f) Conduct hearings on proceedings to revoke or refuse renewal of licenses, certificates or authorities of persons exercising the respective professions, trades or occupations, and to revoke or refuse to renew such licenses, certificates or authorities."

In 1923, Laws 1923, c. 49, the following words were added: "Provided that appeal to the courts may be had."

This court had occasion to construe this subsection in *Baker* v. *Department of Registration,* 78 Utah 424, 3 P. 2d 1082, 1089, wherein it was held that under such provision, "When an appeal is had to the district court from an order of the director of the department of registration revoking or refusing to revoke a license of a physician and surgeon, the district court is required to try the cause de novo."

The procedure thus outlined was followed thereafter until 1933. See *Moormeister* v. *Golding,* 84 Utah 324, 27 P. 2d 447, on rehearing 84 Utah 345, 35 P. 2d 307; *Harrison* v. *Cragun,* 78 Utah 445, 3 P. 2d 1092.

In 1933, pursuant to the recommendations of the Code Commission, the Legislature passed Section 79-1-36, supra, replacing the provision of the 1923 session hereinabove quoted. Instead of providing for an "appeal" to the courts, the section states that the party aggrieved shall "institute an action" in the district court.

It is argued that in adopting Section 79-1-36, the Legislature had no intention of changing the procedure theretofore outlined but that it merely attempted to codify such procedure; that the use of the term "institute an action" rather than "appeal" was merely for the purpose of more accurately stating what the proceed-

ing was, since the term "appeal" is generally understood as taking an action from a lower to a higher court whereas here the proceeding is taken from an administrative agency to the courts. On the other hand, it is contended that the procedure under the old law was definitely established; that there was no necessity for making any changes in the language of the act or in setting out any procedure unless the Legislature contemplated changing the nature of the proceeding as it then stood; that in adopting the provisions of Section 79-1-36, the Legislature intended to change the nature of the proceedings theretofore established under the decision in *Baker* v. *Department of Registration, supra.*

We are of the opinion that while the former contention is not untenable, the latter is the more reasonable in view of the wording of the statute. It is clear from reading the statute that it does not set out the same procedure as that set out in *Baker* v. *Department of Registration, supra.*

In the first place, the present statute states that any person aggrieved by a ruling of the Department of Registration may "institute an action in the district court." This action is instituted "against the director" and must set out the complainant's "grievance and his right to complain." The director may then answer and, if he desires, set up "any matter in justification" of the proceedings and decision rendered before the department. The statute then provides "and the court shall determine the issues on both questions of law and fact." What issues? Certainly not the issues raised before the Department of Registration, but the issues raised by the pleadings before the court. The proceeding in the district court is in the nature of an original action commenced by an aggrieved party who sets out his "grievances" against the director of the Department of Registration. These grievances may be that the complainant was not given proper notice of the hearing before the department; that he was not given an opportunity to be heard; that the evidence did not warrant the ruling

made; or any one or all of various objections to the procedure and action of the department.

The director then may answer and deny the allegations and may further, as an affirmative defense set forth any matter in justification. On the issues thus raised the court is required to determine both the facts and the law and "affirm, set aside or modify the ruling" of the department.

The issues raised by the pleadings before the court may or may not be the same as those raised in the hearing before the department. But only such issues as are raised by the pleadings before the court are to be decided by it.

In the instant case, appellant, believing himself aggrieved by the action of the Department of Registration, instituted an action in the district court. The allegations of his "petition" set out the following grievances, after setting forth the facts with respect to the proceeding before the department: (1) that at the time the matter before the department came on for hearing appellant's demurrer was overruled and without giving appellant time to further plead, the director "without right and without authority, and contrary to law, and without jurisdiction," proceeded to have the matter heard; (2) that appellant's motion to dismiss the action after the introduction of evidence was improperly denied; (3) that the finding made by the disciplinary committee was insufficient; (4) that appellant's license was revoked without sufficient evidence being adduced to justify it or without proper findings having been made.

The answer of the director of the department denied the above allegations and by way of justification alleged that upon the hearing before him it was made to appear to his satisfaction and to the satisfaction of the appropriate representative committee duly appointed to hear said matter that appellant was guilty of unprofessional conduct, setting out the various acts complained of in the original petition before the department. Thus the issues presented for determination were (1) whether certain rulings of the department were correct; and (2) whether the evidence ad-

duced before the department justified the revocation of appellant's license.

On this latter issue we are of the opinion that the court should determine as on an appeal in equity whether the findings of the committee are contrary to the clear preponderance of the evidence adduced before it, rather than to determine merely whether there is any substantial evidence to support such findings. We reach this conclusion because the petitioner in his complaint must set out, "his grievance and his right to complain." That the committee found contrary to the clear weight of the evidence, is, in our opinion, absent anything in the statute restricting the court, grounds for complaint. Though we are imperfectly guided to this conclusion by the statute, yet it appears that the intent of the Legislature was not merely to provide a review similar to certiorari but to confer upon the district court the power to inquire into those grievances set out in plaintiff's complaint touching the entire proceeding before the department — including, if made a basis of complaint, that the findings of the committee are contrary to the weight of the evidence.

In support of the allegations of his complaint, it was incumbent upon appellant to introduce evidence of the manner in which he was "aggrieved." However, the lower court ruled that the burden of "going forward" with proof was on the director of the Department of Registration, and the director complied by introducing in evidence the entire record of the proceedings before the department. No objection was made to its introduction on the ground that it was incorrect or incomplete. And certainly where a full record has been made of the proceedings before the department and no question is raised concerning its validity, it is evidence (1) of what the actual proceedings were and (2) whether the evidence of unprofessional conduct, and the findings thereof, are in accord with the weight of the evidence before the department as thereby revealed.

This record was, therefore, not only admissible in the lower court, but it presented as the record stands the uncontradicted facts upon the issues before the ∎ court.

True, it appears from the record made in the trial court that the record made before the department was proffered as evidence of the misconduct of appellant, complained of by the petitioner in the proceeding before the department, and was objected to by appellant as not competent evidence on such issue. Clearly if the statute contemplated a trial anew of the issues before the department, the transcript of the testimony adduced in the hearing before such department would not be admissible as primary evidence on such trial. Whether or not it would be admissible as secondary evidence under Section 15 and 16 of Title 104-51, R. S. U. 1933, is not before us, since the absence of the primary evidence was not shown. However, there being no question raised as to such record correctly showing the proceedings before the department, it was admissible for that purpose.

In some cases it may be that no record will be made of the proceedings before the department, no provision being made by the statute requiring that the evidence be recorded. In such case, if an action is commenced in the district court, the complainant will of necessity have to resort to oral proof or stipulation to show what such record, if made, would show as the basis for his "right to complain." And if in such case the director of the department sets out an affirmative defense by way of justification he will have similarly to resort to oral evidence or stipulation to sustain such allegations.

In the case before us, however, it appears that the issues raised in the lower court involved the entire proceedings before the Department of Registration, including the evidence submitted and findings and ruling made thereon. It was, therefore, proper to permit the entire record to be introduced in the trial of the case in the lower court. Both

sides had opportunity to introduce other additional evidence if they had any. Such was not done. Thus the record of the proceedings before the department constituted the evidence from which the lower court determined the issues.

The issues having been properly raised by the pleadings, as they were in this case, the court should have proceeded to determine such issues in very much the same way as it would have done in any civil action. But as is pointed out above, the court considered the proceeding to be one in the nature of a trial de novo of the matter before the Department of Registration.

Did this constitute reversible error? We think not. Even though the court misconstrued the nature of the action, the evidence adduced shows to the court the entire proceeding before the department, in which appellant claimed to have been aggrieved. As stated above, appellant was not prejudiced by the ruling requiring the director of the department to assume the burden of going forward with the evidence. And both parties had ample opportunity to introduce what evidence they desired. The trial court, in its findings, covered all of the issues raised by the pleadings. After finding certain acts of misconduct on the part of appellant and others, it further found that "the proceedings hereinabove referred to before the director of the Department of Registration of the State of Utah were regular in all particulars and that said director did not err in denying motions for dismissal on non-suit or in the admission of evidence, oral or documentary, in said proceedings." An examination by the trial court of the record to determine whether the ultimate facts alleged in the petition before the department were true encompassed, of course, a determination of whether the record revealed that the finding of the committee was against the weight of the evidence; and the trial court's findings that the appellant was guilty of the acts charged in such petition is a concurrence in the finding made by the committee to the same effect. The quoted finding of the trial court covers the

issues raised by the allegations in appellant's complaint and the answer of the director. Whether such finding is sustained by the evidence will be adverted to hereinafter.

Further objection is made to the proceedings before the lower court on the ground that appellant was denied a jury trial. The statute under which the action was brought in the district court provides that the issues "on both questions  of law and fact" are to be determined ■ by the "court." Appellant contends that the term "court" has reference to both the judge and the jury, and therefore the statute contemplates a jury trial as to all questions of fact.

While it is true that the term "court" as used in some statutes includes both the judge and the jury, we cannot agree that it does so in this case. In analogous sections in our Code of Civil Procedure the use of the word "court" clearly indicates that a different meaning is contemplated than that urged by appellant.

Section 104-26-1, R. S. U. 1933, provides that

"all issues in civil actions shall be tried by the *court*, unless, in cases where a jury may be had, the same shall be demanded * * *." (Italics added.)

Section 104-26-2, R. S. U. 1933, provides that

"upon a trial of a question of fact by the *court* its decision must be given in writing * * *." (Italics added.)

In both of these sections it would be difficult to say that the Legislature used the word "court" to refer to both the judge and the jury. On the contrary, it of necessity must refer to the judge sitting in that particular "court"— "court" in the latter sense embracing the judicial branch of our government.

For a good discussion of construction of the term "court" under varying statutes, see *Commonwealth* v. *Shawell*, 325 Pa. 497, 191 A. 17.

It would have been unnecessary in the present statute to have used the phrase "and the court shall determine the issues on both questions of law and fact" unless it was intended that the judge hearing the case should do so. And this is undoubtedly what the Legislature intended. It therefore follows that the lower court was correct in denying appellant a jury trial.

No other state seems to have a statute similar to ours with respect to the procedure before the courts to review the decision of a board such as our Department of Registration. The following cases, however, illustrate the variety of procedures and statutes involved in the several states: *MacCracken* v. *Board of Medical Examiners*, 24 Cal. App. 2d 58, 74 P. 2d 289; *Drummey* v. *State Board of Funeral Directors and Embalmers*, 13 Cal. 2d 75, 87 P. 2d 848; *Davis* v. *State Board of Optometry*, 35 Cal. App. 2d 428, 95 P. 2d 959; *Mower* v. *State Department of Health*, 108 Conn. 74, 142 A. 473; *State* v. *Simmons*, 104 Fla. 487, 140 So. 187; *State* v. *Driskell*, 117 Fla. 717, 158 So. 277; *State* v. *Driskell*, 139 Fla. 49, 190 So. 461; *Smith* v. *State Board of Medical Examiners*, 46 Ga. App. 456, 167 S. E. 769; *Craft* v. *Balderston*, 58 Idaho 650, 78 P. 2d 122; *Michigan State Board of Dentistry* v. *Shattuck*, 261 Mich. 375, 246 N. W. 153; *State* v. *Jensen*, 205 Minn. 410, 286 N. W. 305; *State* v. *Clark*, 320 Mo. 1190, 9. S. W. 2d 635; *In re Reno*, 57 Nev. 314, 64 P. 2d 1036; *Board of Medical Examiners* v. *Carroll*, 194 N. C. 37, 138 S. E. 339; *Board of Medical Examiners* v. *Gardner*, 201 N. C. 123, 159 S. E. 8; *Board of Medical Examiners of State of North Dakota* v. *Shortridge*, 53 N. D. 614, 207 N. W. 442; *Oliver* v. *State*, 122 Okl. 66, 251 P. 31; *Prosterman* v. *Tennessee State Board of Dental Examiners*, 168 Tenn. 16, 73 S. W. 2d 687.

2. The next question presented involves the sufficiency of the evidence to support the findings of the lower court, and whether the findings are sufficient to support the conclusions and decree. Without detailing here the testimony in support of each of the findings made by either the

Department of Registration or the lower court, we conclude, after thoroughly reviewing the record before us, that the evidence is sufficient to sustain both the findings and conclusions made. While there are some inconsistencies and discrepancies, nevertheless we cannot say that the evidence is such that either the department or the trial court could not have found as it did.

3. Appellant also alleges error in the judgment and decree entered by the lower court in that it states in part that "as and when any of the said petitioners present to the director of the Department of Registration of the State of Utah satisfactory evidence that he or they have discontinued *the acts complained of* in the original petition before said department resulting in the revocation of the said licenses" the director should reinstate said person or persons. (Italics added.)

The basis of appellant's argument is that the "decree is so indefinite that it is a nulity." This contention is not answered in respondents' brief. However, we are of the opinion that the decree is sufficient in these particulars. It provides for reinstatement when appellant discontinues the acts complained of in the original petition. The original petition sets out specifically what acts of professional misconduct are complained of, and these acts are the same ones as those found by the court to have been committed. The original petition states that "defendants above named and each of them are guilty of unprofessional conduct *in the following particulars*" (italics added) and then sets them out. The first has reference to the organization of the dental laboratory; that the same was organized "in an attempt to violate the spirit and intent" of the statute. This allegation, taken in connection with a prior allegation that appellant was instrumental in organizing said corporation, is such that in order to "discontinue" said act appellant will of necessity be required to dissociate himself with the corporation, insofar as the practice of dentistry is concerned. While the laboratory itself may not have to be

discontinued, still the connection between the laboratory and appellant's dental practice will have to be discontinued.

And so with the other acts alleged in such petition—all of which were subsequently found by the court to have been committed by appellant. It will be necessary to separate the business of the dental laboratory and the dental practice in such a way as to show a discontinuance of the acts of unprofessional conduct on the part of appellant.

4.    Appellant's final point is that the lower court erred in assessing certain costs against appellant. No motion was made in the court below to have the costs reassessed, nor was this question presented to the trial court at all. Therefore, it is not properly before this court on appeal. *Wardrop* v. *Harrison*, 63 Utah 132, 221 P. 1069; *Parowan Mercantile Co.* v. *Gurr*, 83 Utah 463, 30 P. 2d. 207.

It follows from what has been said that the judgment of the lower court should be and the same is hereby affirmed. Costs to respondents.

WOLFE, J., concurs.

MOFFAT, Chief Justice.
I concur in the result.

PRATT, Justice.

I concur for this reason: This decision holds, in effect, though not in nomenclature, that section 79-1-36 provides for a review, by the district court, of the decision of the Department of Registration, upon questions of both law and fact. In principle, it conforms to the prevailing opinion in the case of *Denver & R. G. W. R. Co. et al.* v. *Public Service Comm. et al.*, 98 Utah 431, 100 P. 2d 552.

LARSON, J., dissents.