**SCIENTIFIC ACADEMY OF HAIR DE- SIGN, INC., a Utah corporation, dba Mediterranean Hair Academy, Plaintiff and Appellant,**

v.

**Robert O. BOWEN, in his official capaci- ty as director of the Division of Regis- tration within the Department of Busi- ness Regulation, a Department of the Government of the State of Utah, De- fendant and Respondent.**

No. 860035–CA.

Court of Appeals of Utah.

June 8, 1987.

John H. McDonald, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Nicholas E. Hales, Asst. Atty. Gen., for defendant and respondent.

Before BILLINGS, GARFF and GREENWOOD, JJ.

BILLINGS, Judge:

Scientific Academy of Hair Design, Inc., doing business as Mediterranean Hair Academy ("Mediterranean"), appeals from the district court's order affirming an administrative suspension of its license to operate a cosmetology/barbering school for three years. We affirm.

On December 15, 1983, Gay Trello, an investigator for the Division of Registration ("the Division"), filed a petition with the Division charging Mediterranean with several instances of "unprofessional conduct" as defined by Utah Code Ann. § 58–11–9 (1981). On February 6, 1984, an administrative hearing was held before an administrative law judge and six members of the Board of Cosmetology/Barbering ("the Board") to ascertain the validity of the allegations. The Board concluded that Mediterranean had (1) willfully falsified a document upon which the Board relied;[1] (2) issued false advertisements; and, (3) failed to comply with a previous order of the Board. Consequently, the Board recommended that Mediterranean's license to operate a cosmetology/barbering school be suspended for three years pursuant to Utah Code Ann. § 58–1–25 (1974).

The Board's written Findings of Fact, Conclusions of Law, and recommended order were submitted to Robert Bowen, the director of the Division of Registration. Bowen adopted the Board's recommendations and ordered Mediterranean to cease operations within thirty days of the order. Mediterranean then filed a complaint in district court seeking review of the Division's order pursuant to Utah Code Ann. § 58–1–36 (1974). The district court, primarily relying on the certified record of the administrative proceedings, upheld the Division's order suspending Mediterranean's license finding it was not "arbitrary and capricious."

Three issues are presented on appeal. First, the Division contends this Court does not have jurisdiction to review the District Court's ruling. Second, Mediterranean claims that the district court applied an improper standard in reviewing the order of the Division. Third, Mediterranean argues that under any standard of review there is insufficient evidence to find that Mediterranean failed to comply with a previous order of the Division; distributed advertisements that deceived the public; and, willfully made false statements in documents upon which the Board relied.

I.

The Division argues that this Court does not have jurisdiction to hear this appeal. Section 78–2a–3 (1986) provides that

---

1. Although in its petition the Division did not specifically charge Mediterranean with "willfully" falsifying a document, it did find Mediterra- nean in violation of section 58–11–9(1)(j) which requires "willful" conduct. Utah Code Ann. § 58–11–9(1)(j) (1981).

the Court of Appeals has appellate jurisdiction over the final orders and decrees of state and local agencies or appeals from the district court review of them notwithstanding any other provision of law. Utah Code Ann. § 78–2a–3 (1986). This right of appeal was previously provided in article VIII, section 9 of the Utah Constitution [2] which provided a right of appeal to the Utah Supreme Court from all final judgments of the district courts. Moreover, Rule 4A of the Rules of the Utah Court of Appeals provides that the supreme court may transfer, at any time before a case has been set for oral argument, any case to the Court of Appeals except those cases within the exclusive jurisdiction of the supreme court. This case was transferred pursuant to this Rule.

In light of the foregoing legal principles, we find the Division's claim that the district court's judgment is final and not subject to further review is without merit. The Utah Supreme Court has routinely reviewed similar cases. *Withers v. Golding*, 100 Utah 179, 111 P.2d 550 (1941) (interpreting predecessor to Utah Code Ann. § 58–1–36 (1974)).

## II.

Mediterranean argues that the district court erred in using an "arbitrary and capricious" standard in reviewing the administrative action of the Division. Mediterranean claims that the proper standard of review is whether the findings of the Board and the Division's resulting order were contrary to a clear preponderance of the evidence.

At the time of the administrative hearing and subsequent review by the district court Utah law provided:

> Any applicant for or holder of a license, certificate, permit, student, or apprentice card or any person directly affected and aggrieved by any ruling of the [division] of registration, may within thirty days

after notice of such ruling institute an action in the district court of the county at the seat of government, or in the county of the aggrieved person's residence, against the director in his official capacity setting out his grievance and his right to complain. In his answer the director may set out any matter in justification; and the court shall determine the issues on both questions of law and fact and may affirm, set aside or modify the ruling complained of.

Utah Code Ann. § 58–1–36 (1974). The Utah Supreme Court defined the standard of review to be applied by the district court under section 58–1–36 in *Withers v. Golding*, 100 Utah 179, 111 P.2d 550 (1941):

> [W]e are of the opinion that the [district] court should determine as on an appeal in equity whether the findings of the [Board of Cosmetology/Barbering] are contrary to the clear preponderance of the evidence adduced before it....

*Id.* at 189, 111 P.2d at 554. (interpreting predecessor to Utah Code Ann. § 58–1–36 (1974)). This construction of section 58–1–36 was implicitly affirmed in *Vance v. Fordham*, 671 P.2d 124 (Utah 1983), cert. denied, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984) (intimating that had the district court treated the *Vance* case as an *original action* under section 58–1–36, rather than an *appeal* under section 58–12–35.1, the medical practice act, then the district court should have reviewed the administrative proceeding by applying a "clear preponderance of the evidence" standard).

Subsequent to the review of this case by the district court but before this appeal was heard, the Utah Legislature repealed Utah Code Ann. § 58–1–36 (1974) and effectively replaced it with Utah Code Ann. § 58–1–19 (1985). Section 58–1–19 provides:

> The director, with the support of the appropriate board, and any licensee or

**2.** Article VIII was repealed in its entirety in 1984 and replaced by a new article VIII effective July, 1985. Section 5 of the new article provides in pertinent part:

> Except for matters filed originally with the supreme court, there shall be in all cases an appeal of right from the *court* of original jurisdiction to a court with appellate jurisdiction over the cause....
> (emphasis added).

license applicant, may appeal any order of the director or of the administrative law judge or hearing officer in the district court if the order was arbitrary and capricious, an abuse of discretion, or contrary to law....

Utah Code Ann. § 58–1–19 (1985).

Under *Withers* and *Vance* the district court, at the time of the hearing, was required to utilize the "clear preponderance of the evidence" standard. However, after the effective date of Utah Code Ann. § 58–1–19 (1985), the district court is statutorily directed to apply an "arbitrary and capricious" standard of review.

Although the district court applied the "arbitrary and capricious" standard of review in affirming the Division's order, a careful reading of the record indicates that we can affirm the district court under the more stringent "clear preponderance of the evidence" standard, as more fully explained herein. Therefore, we need not determine whether Utah Code Ann. § 58–1–19 (1985) is procedural or substantive and thus whether the new "arbitrary and capricious standard" should be applied retroactively.[3] *See Docutel Olivetti Corp. v. Dick Brady Systems*, 731 P.2d 475, 478 (Utah 1986); *State Dep't of Social Servs. v. Higgs*, 656 P.2d 998, 1000 (Utah 1982).

### III.

■ In the district court, Mediterranean argued that the Division's findings that Mediterranean (1) failed to obey a previous order of the Board; (2) issued advertisements that deceived the public in violation of Utah Code Ann. § 58–11–9(1)(g) (1981); and, (3) "willfully" made false statements on which the Board relied in violation of Utah Code Ann. § 58–11–9(1)(j) (1981) were contrary to a clear preponderance of the evidence. We review the evidence in support of each of these findings in detail.

(1) The following facts from the record support the Division's finding that Mediter-

ranean failed to obey a previous order of the Division. On December 28, 1982, Mediterranean, by and through one of its officers, Burkhardt Pinkus, was ordered by the Division to reimburse Craig Shosted $1,000.00 by March 1, 1983. At the administrative hearing, Shosted testified that he has resided at the same location for eleven years. Shosted stated that he received $250.00 of the $1,000.00 by mail at his residence. Shosted further testified that he lived with five other persons. He revealed that his mother does not work and is at home 85 percent of the time. Shosted's testimony undermined the position of Mediterranean that it attempted to contact Shosted but failed because it could not spell Shosted's last name and was unable to locate Shosted's address. The Division was in an advantaged position to determine the credibility of the witnesses. We will not substitute our judgment for the fact finder's. The Division's finding that Mediterranean failed to obey the previous order of the Division to reimburse Mr. Shosted was supported by a clear preponderance of the evidence.

(2) The record also supports the Division's finding that Mediterranean's advertising deceived the public. Gay Trello, an investigator for the Division, went to Mediterranean as a prospective student and asked for a brochure or information to describe Mediterranean's program. She received a brochure that contained several misrepresentations. The brochure stated that Troy Algood was an instructor at Mediterranean. However, while it is true that Algood entered contract negotiations with Mediterranean, a contract was never executed. In addition, the brochure listed the wrong address and the wrong phone number. To rebut this damaging information, Burkhardt Pinkus testified that the brochures were distributed with an insert containing the correct information. However, the brochure given Ms. Trello did not contain such an insert. Furthermore, once

---

**3.** The Utah Supreme Court has not addressed whether a change in the standard of review or burden of proof in civil proceedings is a procedural or substantive change. With respect to criminal proceedings, however, a statute which alters the degree, or lessens the measure of proof for conviction is a substantive change which cannot be applied retroactively. *State v. Schreuder*, 726 P.2d 1215 (Utah 1986).

Pinkus realized that the contract negotiations with Algood had failed, he made no attempt to contact the Board and update this information. In light of these facts, we again cannot say that the district court's order affirming the order of the Division was contrary to a clear preponderance of the evidence.

(3) The Board's finding that Mediterranean "willfully" made false statements upon which the Board relied is supported by a clear preponderance of the evidence. Mediterranean concedes that on its application for a license it stated that Troy Algood was an instructor when in fact he was not. Mediterranean insists that this mistake was not "willful" as required by Utah Code Ann. § 58–11–9(1)(j) (1981). However, Burkhardt Pinkus knew that no contract had been executed with Algood when he completed this application. Moreover, once it was clear that there would never be a contract with Algood, Pinkus made no attempt to contact the Board and correct the application. In light of this evidence, we cannot say that Mediterranean did not "willfully" furnish a false statement on which the Board relied.

We conclude, after a thorough review of the record, that the findings of the Division are supported by a clear preponderance of the evidence and that these findings are legally sufficient to sustain the Division's and the district court's conclusion that Mediterranean engaged in "unprofessional conduct" in violation of Utah Code Ann. § 58–11–9(1)(g) and (j) (1981).

The judgment of the district court affirming the Division's revocation of Mediterranean's license to operate a cosmetology/barbering school for three years is affirmed. Costs awarded to the Division.

GARFF and GREENWOOD, JJ., concur.