## EDDINGTON v. UNION PORTLAND CEMENT COMPANY.

No. 2406.   Decided January 30, 1913 (130 Pac. 243).

1. STATUTES—AMENDMENT—CONSTITUTIONAL REQUIREMENTS. Comp. Laws 1907, sec. 1017, provides that any person may appeal on taking an oath *in forma pauperis.* Section 3305, declaring that an appeal is taken by filing with the clerk of the district court a notice of appeal, and within five days thereafter an undertaking or a deposit of money, was amended by Laws 1899, c. 62, to provide that, where appellant files an affidavit in the form set forth in section 1017, no bond on appeal shall be required, and that the clerk shall certify to the filing of such affidavit. *Held,* that the amendatory act did not intend or attempt to amend section 1017, but was a constitutional amendment of section 3305, obviating the apparent incongruity between that section and section 1017.[1]   (Page 278.)

[1] Hoagland v. Hoagland, 18 Utah, 304, 54 Pac. 978.

2. APPEAL AND ERROR—BONDS—FORMA PAUPERIS. Under Const. art. 8, sec. 9, permitting appeals from final judgments under such regulations as may be provided by law, the Legislature may provide that those who, by reason of their poverty, are unable to give the appeal undertaking required by Comp. Laws 1907, sec. 3305, may appeal by filing an affidavit *in forma pauperis*, as provided by section 1017. (Page 279.)

3. STATUTES—REVISION—LEGISLATIVE AUTHORITY AND APPROVAL. Whatever change of phraseology or omission of words there may be between Rev. St. 1898, secs. 1016-1019, inclusive, and the original acts from which they were taken was expressly approved, legalized, and adopted by Laws 1899, c. 7. (Page 279.)

4. COSTS—IN FORMA PAUPERIS—REPEAL—CONFLICTING PROVISIONS. Laws 1897, c. 34, repealing conflicting provisions, did not repeal the proviso of Rev. St. 1898, sec. 1016, excepting impecunious suitors from the payment of certain fees, since that special matter was not touched upon in chapter 34. (Page 280.)

5. CONSTITUTIONAL LAW—DISCRIMINATION AGAINST CLASS—APPEAL IN FORMA PAUPERIS. Comp. Laws 1907, sec. 1017, which allows appeals upon affidavit *in forma pauperis*, and section 3305, which dispenses with a bond on appeal, where such affidavit has been filed and certified, are not unconstitutional as discriminating against litigants who are able to pay such appeal costs. (Page 280.)

6. PLEADING—GENERAL DEMURRER—COMPLAINT GOOD AGAINST MOTION FOR NONSUIT. A complaint under which complainant may prove such a state of facts and inferences as would withstand a motion for nonsuit, is not vulnerable to a general demurrer. (Page 281.)

7. PLEADING—GENERAL DEMURRER—GROUNDS. Under Comp. Laws 1907, sec. 2986, providing that pleadings are to be liberally construed, doubts upon the allegations in the pleadings are not necessarily to be resolved against the pleader, and, construing the pleading liberally, a general demurrer should always be overruled, unless the complaint clearly fails to state some essential element necessary to a cause of action, or states some acts by reason of which plaintiff cannot recover. (Page 281.)

APPEAL from District Court, Second District; *Hon. N. J. Harris,* Judge.

Action by Henry W. Eddington against Union Portland Cement Company.

Judgment for defendant. Plaintiff appeals.

REVERSED AND REMANDED.

*Soule* and *Soule,* and *Halverson & Pratt* for appellant..

*C. S. Varian* and *H. H. Henderson* for respondent.

### APPELLANT'S POINTS.

The duty to provide a reasonably safe place, as well as reasonably safe machinery in which and with which the servants are employed rests upon the employer or master and is one which cannot be delegated to an agent or servant so as to escape responsibility for their negligent performance. (*Anderson v. Dailey Mining Company,* 16 Utah, 28; *Pool v. Southern Pacific Company,* 20 Utah, 210; *Wood v. Rio Grande Western Ry. Co.,* 28 Utah, 351.)

And the servant who is injured by the failure of the master to perform this duty cannot be said to have assumed the risk or hazard occasioned thereby unless he comprehends and appreciates, or in the exercise of ordinary care for his own safety and the intelligence that he possesses he should have comprehended, understood and appreciated the increased hazards, which are questions of fact to be determined by the jury and which the plaintiff, in his complaint intimated and this intimation was admitted by the demurrer. (*Cook v. United States Smelting Co.,* 34 Utah, 190.)

When the nature of the master's business is such as to require it, the law imposes upon the master the duty of making and promulgating rules to permit the safety of his employees. (*Pool v. Southern Pacific Co.,* 20 Utah, 210; *Boyle v. Union Pacific Co.,* 25 Utah, 432; *Johnson v. Union Pacific Coal Co.,* 28 Utah, 46; *Merrill v. Oregon Short Line Co.,* 29 Utah, 264.)

### RESPONDENT'S POINTS.

Notwithstanding a promise by the master to remedy a defect complained of, if the danger is so obvious that a reasonably prudent man would not incur it, the rule does not

apply, and the servant continues at work at his own risk. This proposition is affirmed by the weight of authority and is approved by this court. (*Johnson v. Mining Co.,* 41 Utah, 142, 125 Pac. 407; *Butler v. Frazee,* 211 U. S. 459-466; Labatt, M. & S., sec. 212.)

The service undertaken by plaintiff was at best, hazardous at all times, and plaintiff entered and continued in the employment with actual knowledge and appreciation of the dangerous conditions, relying upon a suspension of the assumed risks, or a shifting thereof to the defendant for a reasonable time, his complaint must show expressly or by natural inferences from the facts stated that the time alleged was a reasonable one. (*Stone v. Railroad,* 35 Utah, 335; *Mangum v. Mining Co.,* 15 Utah, 540; *Johnson v. Utah Con. Mining Co.,* 125 Pac. 407; *Soule v. Weatherby,* 118 Pac. 833-836; *Burns v. Windfall M. Co.,* 146 Ind. 261, 45 N. E. 189-190; *Stephenson v. Duncan,* 73 Wis. 404, 41 N. W. 338; *Morbach v. Mining Co.,* 53 Kan. 731, 37 Pac. 122.)

Whether the plaintiff was or was not relieved for the time from the burden of assuming the risk, he was not at any time excused from the duty of exercising vigilance, and such a degree of care proportionate to the danger confronting him in the ordinary discharge of his duties, as a reasonably prudent man would use under like conditions. (*Fritz v. Gas Co.,* 18 Utah, 493; *Shaver v. Home Tel. Co.,* 36 Ind. App. 233, 75 N. E. 288; *Ergo v. Merced Falls Co.,* [Cal.], 119 Pac. 101; *Colorado Ry. Co. v. Reynolds* [Col.], 116 Pac. 1043-4; *Gondie v. Foster,* 202 Mass. 226, 88 N. E. 663; *Maki v. N. P. Coal Co.,* 187 Fed. 389-393.)

FRICK, J.

This is an appeal from a judgment dismissing the action after sustaining a general demurrer to the complaint. Before proceeding to a consideration of the merits, we are required to dispose of the motion interposed by respondent to dismiss the appeal. The motion is based upon two principal grounds: (1) That no undertaking on appeal, as provided by Comp. Laws 1907, sec. 3305, has been filed; and

(2) that the alleged affidavit, filed in lieu of an undertaking on appeal, is insufficient and unauthorized, for the reasons hereinafter stated.

Compiled Laws 1907, sec. 1017, on which the affidavit aforesaid is made, reads as follows:

"Any person may institute, prosecute, defend, and appeal any case in any court in this state on taking and subscribing, before any officer authorized to administer an oath, the following: I, A. B., do solemnly swear (or affirm) that owing to my poverty I am unable to bear the expenses of the action or legal proceedings which I am about to commence or the appeal which I am about to take, and that I verily believe I am justly entitled to the relief sought by such action, legal proceedings or appeal."

This court, in *Hoagland v. Hoagland*, 18 Utah, 304, 54 Pac. 978, held that, because an undertaking was expressly required by Compiled Laws 1907, sec. 3305, section 1017, *supra*, did not authorize the appellate court to dispense with the undertaking provided for in said section 3305. Section 3305 reads as follows:

"An appeal is taken by filing with the clerk of the district court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party or his attorney. The order of service is immaterial, but within five days after service of the notice of appeal an undertaking shall be filed or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived in writing by the adverse party: Provided, *that where the appellant makes and files with the clerk of the court from which the appeal is taken an affidavit in the form set out in section 1017, no bond on appeal shall be required; and where such affidavit is filed, the clerk of the court from which the appeal is taken shall certify that the appellant has made and filed an affidavit as provided for in section 1017."* (Italics ours.) In order to meet the objections of this court as they appeared in *Hoagland v. Hoagland, supra,* the legislature, after that decision, in 1899,

amended section 3305, *supra,* by adding thereto that portion printed in italics. Laws 1899, p. 83.

The appeal in this case is therefore based upon section 3305 as amended, and not as it stood when *Hoagland v. Hoagland* was decided. Respondent, however, contends that what was added to section 3305 was, in effect, an amendment of section 1017, and that under our Constitution laws cannot thus be amended. In our judgment, the amendment to section 3305 was properly and constitutionally made; and in making it the legislature did not intend to amend, nor make the attempt to amend, section 1017. All that was done was to make the affidavit set forth in section 1017 sufficient on appeal. This was done for the sole reason that this court had theretofore held the affidavit provided for in said section insufficient to perform such a function because of what was contained in section 3305 before it was amended. The legislature therefore obviated the apparent incongruity between sections 1017 and 3305 by changing section 3305 as before indicated.

The Constitution of this state (article 8, sec. 9) permits appeals from all final judgments "under such regulations as may be provided by law." The legislature therefore had the power to regulate appeals, and to provide that those who, by reason of their poverty, were unable to give the undertaking on appeal provided for by section 3305 might dispense therewith, and might nevertheless appeal by filing the affidavit provided for in section 1017. The legislature having legislated upon a subject which is clearly within its constitutional powers, the courts have no alternative, but must enforce the law.

The contention that some portions of sections 1016 to 1019, inclusive, relating to the matter of costs, are void, because placed in the Revised Statutes of 1898 without authority, even if conceded, could have no bearing upon the question now under consideration. But the contention is not tenable. All that is contained in sections, aforesaid, is there by the authority of the legislature. Whatever change of phraseology or omission of words there

may be between said sections as they now stand and the original acts from which they were taken was clearly authorized by section 4 of chapter 85, Laws of 1896. Laws 1896, p. 296. Moreover, if what is said in said chapter could be held insufficient authority, the matter was nevertheless settled by chapter 7, Laws 1899, in which the Revised Statutes, as printed, were approved and adopted by a special legislative act.

Nor is there any merit in the contention that the proviso of section 1016 was repealed by chapter 34, Laws 1897. Nothing was repealed by that chapter, except such matters as were in conflict with the provisions contained in said chapter. The repeal is in general terms, and therefore repealed only conflicting provisions. There is nothing in the proviso of section 1016 that is in conflict with anything contained in chapter 34 of the Laws of 1897, *supra*. The supposed conflict, therefore, did not exist, since the matter contained in the proviso in section 1016 relates to a special matter not touched upon in said chapter 34, as will appear from a careful examination of the alleged conflicting portions of said chapter with the proviso in section 1016.

The claim that section 1017 or section 3305 are, or that either of them is, unconstitutional, upon the ground that respondent and the class to which it belongs are discriminated against, is clearly untenable. Statutes providing for the allowance of appeals without an undertaking, upon the filing of an affidavit in which it is set forth, under oath, that the appellant, by reason of his poverty, is unable to bear the expense of the proposed appeal, are in force in so many states, and have so often been upheld and enforced by the courts, that, in the absence of direct authority to the contrary, we must assume them to be valid. (See 2 Cyc. 24, where the cases upon the subject are in part collated. See, also, 1 Ency. Pl. & Pr. 999.)

We are of the opinion, therefore, that the motion to dismiss the appeal should be, and it accordingly is, denied.

Proceeding, now, to a consideration of the merits:

In the complaint the pleader states, or at least attempts to state, a cause of action by a servant against his master to recover damages for personal injuries sustained by the servant through the alleged negligence of the master. The complaint is very long, covering eight pages of the printed abstract, and for that reason we shall not set it forth. A general and special demurrer to the complaint were interposed by the respondent. With respect to the disposition of the demurrers, the record reads as follows:

"The demurrer to plaintiff's complaint was argued and submitted and taken under advisement, and on October 10, 1911, the same was sustained, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, but overruled as to the other ground."

Appellant elected to stand on his complaint, and the court entered judgment dismissing the action, as before stated.

The rulings of the court in sustaining the demurrer and in entering judgment are assailed. As already stated, no particular reason is disclosed why the complaint is deficient in substance. The respondent insists that the demurrer was sustained for the reason that it appears upon the face of the complaint that appellant assumed the risk of injury, and hence contends that the demurrer was properly sustained. We have carefully considered the allegations of the complaint, and in doing so cannot agree with respondent's contentions. Without pausing now for the purpose of analyzing the allegations of the complaint, it must suffice to say that we are unanimously of the opinion that, under the allegations, appellant may prove such a state of facts and inferences as would withstand a motion for nonsuit; and this being so the complaint is not vulnerable to a general demurrer.

Nor is the contention sound that, under the allegations of the complaint, a court ought to say, as matter of law, appellant assumed the risk of the injury in question. Unless it is clear that the complaint fails to state some essential element necessary to a cause of action, or that some facts are stated by reason of which the plaintiff can-

not recover because of some act of his own, which prevents a recovery, a general demurrer should always be overruled. Under our statute (Comp. Laws 1907, sec. 2986) doubts, if any arise, upon the allegations in the pleadings are not necessarily resolved against the pleader; but the pleading, as provided in that section, "must be liberally construed." No reason is perceived why appellant cannot prove a *prima facie* case under the allegations of his complaint. If, upon the trial, however, appellant fails to make a *prima facie* case, or if, when all the evidence is before the court, it shall be made to appear that, as matter of law, he has assumed the risk, the court should then dispose of the case accordingly. That is different, however, from adjudging the litigant's case in advance of a trial, where, as here, no element in stating a good cause of action is lacking in the complaint. The only claim is that the pleader has pleaded the facts so specifically as to plead himself out of court.

The judgment is reversed, and the cause remanded to the district court, with directions to reinstate the case, and to proceed therewith in accordance with the views herein expressed. Appellant to recover costs upon appeal.

McCARTY, C. J., and STRAUP, J., concur.