LAUREN W. GIBBS, Inc., v. MONSON,
Secretary of State, et al.

No. 6331. Decided October 13, 1942. (129 P. 2d 887.)

See 37 C. J., Licenses, sec. 109; 41 Am. Jur., 457.

*Grover A. Giles,* Atty. Gen., *Zar E. Hayes,* Deputy Atty. Gen., and *Delbert M. Draper,* of Salt Lake City, for appellants.

*Moyle, Richards & McKay,* of Salt Lake City, for respondent.

McDONOUGH, Justice.

Appellants, hereinafter designated as the Securities Commission, have appealed from a judgment of the lower court setting aside an order of the Commission canceling the registration of respondents as a dealer in securities. After notice and hearing the Securities Commission canceled the license of Lauren W. Gibbs, Incorporated, as such dealer, pursuant to 82-1-21, R. S. U. 1933. Thereafter the Lauren W. Gibbs corporation commenced an action in the district court pursuant to 82-1-41, R. S. U. 1933, against the Commission, setting forth certain alleged errors committed by said Commission and attacking its order upon several grounds. The Commission interposed both general and special demurrers which were overruled by the court. The Commission elected to stand on said demurrers, and by reason of failure of the Commission to answer a judgment was rendered as recited above, in favor of Lauren W. Gibbs, Inc.

Appellants' assignments of error attack the trial court's action in overruling their demurrer to respondent's complaint, and in entering judgment setting aside the order of the Securities Commission. They likewise assail its action in suspending ex parte, without notice to appellants and without requiring bond to be furnished by respondent, the order of revocation entered by the Securities Commission. We shall consider, first, whether the demurrer was properly

overruled, and second, whether the court properly entered judgment without further proceedings when defendants elected to stand on their demurrer.

Section 82-1-41, R. S. U. 1933, providing for judicial review of an order of the Securities Commission, reads as follows:

"Any person directly affected and aggrieved by any final order of the commission made under any of the provisions of this title may, within 30 days after notice of such order, institute an action in the district court of the county at the seat of government against the commission, setting out his grievance and right to complain. In its answer the commission may set out any matter in justification; and the court shall determine the issues on both questions of law and fact, and may affirm, set aside or modify the order complained of."

This section outlines the same procedure for judicial review of an order of the Securities Commission as 79-1-36, R. S. U. 1933, does with respect to orders of the Department of Registration. The latter statute was considered by this court in the recent case of *Withers* v. *Golding*, 100 Utah 179, 111 P. 2d 550, 554, discussing the procedure contemplated by such statute we therein stated:

"* * * The proceeding in the district court is in the nature of an original action commenced by an aggrieved party who sets out his 'grievances' against the director of the Department of Registration. These grievances may be that the complainant was not given proper notice of the hearing before the department; that he was not given an opportunity to be heard; that the evidence did not warrant the ruling made; or any one or all of various objections to the procedure and action of the department.

"The director then may answer and deny the allegations and may further, as an affirmative defense set forth any matter in justification. On the issues thus raised the court is required to determine both the facts and the law and 'affirm, set aside or modify the ruling' of the department.

"The issues raised by the pleadings before the court may or may not be the same as those raised in the hearing before the department. But only such issues as are raised by the pleadings before the court are to be decided by it."

The issues raised by the pleadings before the lower court in that case were:

"(1) whether certain rulings of the department were correct; and (2) whether the evidence adduced before the department justified the revocation of appellant's license."

Regarding the nature of the review by the district court on the second issue the statute was thus construed in *Withers* v. *Golding*, supra.

"On this later issue we are of the opinion that the court should determine as on an appeal in equity whether the findings of the committee are contrary to the clear preponderance of the evidence adduced before it, rather than to determine merely whether there is any substantial evidence to support such findings. * * *"

In view of such construction, do the allegations of the complaint in the instant case sufficiently set out respondent's "grievance and his right to complain," as against appellants' general demurrer? The trial court properly overruled the general demurrer if the petition or complaint as a whole, or any of the allegations therein, set out facts forming a sufficient basis for a "right to complain" of the Commission's order or ruling. *Geros* v. *Harries*, 65 Utah 227, 236 P. 220; *Eddington* v. *Union Portland Cement Co.*, 42 Utah 274, 130 P. 243.

Allegations of the Complaint raised questions as to the constitutionality of certain sections of the act in question; as to the respondent having been accorded due process in the hearing before the Commission, and as to the sufficiency of the complaint made to the Commission and notice in said hearing; as well as other questions relative to alleged irregularities on the part of the Commission in conducting the hearing, which, in view of factual matter alleged therein and admitted by demurrer, presented issues of law only.

Assuming that the court below should have resolved such issues in favor of demurrant, nevertheless, we are of the opinion that at least two of the allegations of the complaint are sufficient in view of the nature of the

proceeding to support the order overruling the demurrer. Paragraph 16 thereof reads as follows:

"That the said findings of fact and conclusions are not supported by, are in conflict with and go beyond the evidence adduced at said hearing, and that said evidence does not justify, sustain or support said findings of fact or conclusions."

Paragraph 20, referring to the conclusions of the Commission, allege that "said conclusions are contrary to the evidence."

Under such allegations the trial court is called on to determine "as on an appeal in equity" whether the findings of the Commission "are contrary to the clear preponderance of the evidence adduced before it." *Withers* v. *Golding,* supra. Appellants attack them as mere conclusions. But the complaint should be tested with its purpose in mind. The trial court in order to sustain the demurrer thereto on such ground would, in effect, hold that the particulars in which the evidence before the Commission was insufficient must be set out in the complaint. We think this is not necessary. The purpose of the action is to secure judicial examination of such of the proceedings before the Commission and of its conclusions as to the facts and the law as the plaintiff in such action desires to question.

The quoted paragraphs of the complaint were adequate to put in issue the sufficiency of the evidence adduced before the Commission to support the latter's findings and to justify its conclusions and order.

We are, nevertheless, of the opinion, that even though the demurrer was properly overruled, it was incumbent on the court to take evidence on the issue of the insufficiency of the evidence to sustain its order canceling registration. As stated in *Withers* v. *Golding,* supra, when such issue is raised the court is required to determine whether the order was against the clear preponderance of the evidence adduced before the department. After the

overruling of the demurrer and defendants' election not to plead further, unless its ruling was on one of the indicated other issues of law, the court would be obliged to find either that the evidence did or did not support the order made. Such finding could not be made on the mere allegation to that effect in the complaint.

The action was instituted and the principal briefs filed in this court prior to rendition of the decision in *Withers* v. *Golding,* supra, wherein the kind of review provided for by statute was judicially determined. In view of such fact, and in view also of the nature of the allegations relative to the sufficiency of the evidence before the Commission, we are of the opinion that although the demurrer of the Commission was properly overruled, the case should be remanded for further proceedings, unless the issues raised by demurrer other than those relating to sufficiency of the evidence before the Commission likewise justify the order sustaining the demurrer.

Respondent contends that the demurrer was properly sustained for the reason that issues strictly of law, raised by the complaint, should be resolved in its favor. The complaint alleges, and it is here contended that Title 82 of the Revised Statutes of Utah, 1933, and particularly section 82-1-21 subsection (4) thereof, is in violation of Article V and Section 1 of Article VI of the Constitution of the State of Utah, in that such section constitutes an invalid delegation to an administrative body of powers and functions properly belonging and appertaining to the legislative department. Section 82-1-21 sets out the grounds on which registration may be refused or canceled by the Commission. Subsection (4) lists as one such ground that the applicant or registrant "has demonstrated his unworthiness to transact the business of dealer, salesman or agent." Respondent argues that such provision sets no standard or guide for the commission in determining the unworthiness of a registrant

or applicant. The contention is made that "unworthiness" is not a term defined by the common law. Its interpretation depends on the wish and whim of the Commission. Such construction of the provision, however, does not in our opinion find support in the language employed.

The statute specifies not "unworthiness" generally as a ground for canceling a license, but that the licensee "has demonstrated his unworthiness to transact the business of dealer, salesman or agent." Taking into consideration the objects and purposes of the act, we believe this ▇ is not such a delegation of legislative power as is condemned by the state constitution, any more so than the provision granting the right to cancel a license if the licensee is found to have been guilty of a "fraudulent act in connection with the sale of securities." The Commission is not by such grant of power given authority to fix in its own mind a standard of general moral worth with respect to an applicant or a licensee. On the contrary the evidence at a hearing must show, under such provision, that the registrant has demonstrated his unworthiness to transact the business he is registered to conduct. That unworthiness would be judged by the object of the act itself, namely, the protection of the public against fraudulent schemes and transactions in securities.

It might well be demonstrated, for instance ,that a registrant had so conducted himself in the sale of real estate or in his business relations generally that he lived by fraud and deception. Such a showing would demonstrate his unworthiness to transact the business of a dealer in securities although no showing were made that he had been guilty of fraud in the sale of securities or had violated any specific provision of the act in question. The unworthiness which is thus made a basis for cancelation of registration, as declared by the legislature is restricted by the qualifying words in the provision under discussion, and such provision does not constitute an unconstitutional delegation of legislative power.

The allegations of the complaint to the effect that the transactions concerning which the commission heard evidence and on which it based its order were with reference to transactions concerning which the commission had no authority, are likewise without merit. Plaintiff's contention in this respect is that since such transaction or transactions concerned municipal bonds, they were exempt from the provisions of Title 82, R. S. U. 1933, by virtue of 82-1-5, R. S. U. 1933. In view of our conclusion in regard to the constitutional validity of subsection (4) of 82-1-21, such facts are immaterial. The commission had authority to inquire into plaintiff's conduct with respect to such other transactions in determining the question as to the licensee's unworthiness to carry on the business it was registered to conduct, irrespective of the fact that such securities to which inquiry was specifically directed need not be registered. The fact that such securities need not be registered under the act, or the fact—if it be a fact—that one may deal in such securities without qualifying as a registered dealer, does not indicate that a registered dealer, as far as cancelation of registration is concerned, may defraud the public with impunity as long as he confines his dishonest transactions to those types of securities which need not be registered.

The reasoning applies also to the allegation of the complaint that the commission was without jurisdiction to inquire into matters made the basis of complaint before it, for the reason they constituted an isolated transaction. A single isolated transaction in a given case may so clearly evidence a propensity for dishonest dealing as to leave no doubt as to the unfitness of an individual or corporation to be a dealer in securities.

We are likewise of the opinion that the factual allegations of the complaint from which the pleader concludes that it was not accorded due process of law in the hearing before the Commission would not support the order overruling the demurrer.

Appellants also attack the "petition" or "complaint" by special demurrer, contending that the procedure outlined in 82-1-41, R. S. U. 1933, was not followed, and that it could not be determined from the allegations thereof just what procedure was contemplated by the pleading. However, an examination of the entire complaint in the light of our holding in the Withers case reveals that it fulfills the requirements as to the contents of the complaint contemplated by the statute.

Since the case is to be remanded we shall dispose of appellants' assignment of error which in substance asserts that the action of the trial court in suspending pendente lite the order of the Securities Commission canceling respondent's license, was beyond its authority. The act does not provide for a suspension of the order of the Commission pending determination of the action in the district court. Nor does it specify or intimate that the court may not do so. We are of the opinion that, absent statutory restriction, the court acted within its discretion in entering a stay order. As stated in the recent case of *Scripps-Howard Radio, Inc.,* v. *Federal Communications Commission,* 316 U. S. 4, 62 S. Ct. 875, at page 879, 86 L. Ed. ....

"No court can make time stand still. The circumstances surrounding a controversy may change irrevocably during the pendency of an appeal, despite anything a court can do. But within these limits it is reasonable that an appellate court should be able to prevent irreparable injury to the parties or to the public resulting from the premature enforcement of a determination which may later be found to have been wrong. It has always been held, therefore, that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal. *In re Claasen,* 140 U. S. 200, 11 S. Ct. 735, 35 L. Ed. 409; *In re McKenzie,* 180 U. S. 536, 21 S. Ct. 468, 45 L. Ed. 657.

"* * * If the administrative agency has committed errors of law for the correction of which the legislature has provided appropriate resort to the courts, such judicial review would be an idle ceremony if the situation were irreparably changed before the correction could be made. The existence of power in a reviewing court to stay the enforcement of an administrative order does not mean, of course, that its exercise should be without regard to the division of function which

the legislature has made between the administrative body and the court of review. 'A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. *In re Haberman Manufacturing Co.*, 147 U. S. 525, 13 S. Ct. 527, 37 L. Ed. 266. It is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case.' *Virginian R.* v. *United States*, 272 U. S. 658, 672, 673, 47 S. Ct. 222, 227, 228, 71 L. Ed. 463; see *Merchants' Warehouse Co.* v. *United States*, 283 U. S. 501, 513, 514, 51 S. Ct. 505, 509, 510, 75 L. Ed. 1227."

Certainly district courts of the State of Utah, being courts of general jurisdiction, have inherent power in the premises equal to that possessed by the reviewing court whose action is upheld by the foregoing decision.

But appellants call attention to the fact that under the provisions of the statute the registration of a dealer in securities expires on December 31st of each year, and that the court by its order made December 18, 1939, suspended the order of the commission until final determination of the cause, and provided that during such period "the right of the plaintiff to do business in the State of Utah as a licensed dealer in securities shall continue." By such order, according to appellants, the court in effect granted a license to respondent to act as a dealer in securities for several successive years, while the granting of such license is the exclusive province of the commission. If the order is construed so as to permit respondent to deal in securities without the license provided for by statute, or if it is construed to require the commission to register respondent as a dealer without complying with the statutes, it was in excess of the power of the court. However, the order must be construed in the light of the proceedings before the court. So viewed, the order merely precludes the commission from refusing or canceling registration because of any matter before the court in the pending action. As thus construed, the order was clearly within the power and discretion of the court.

For the reasons hereinabove stated, the case is remanded to the lower court for further proceedings. Each party to bear their own costs.

WOLFE and LARSON, JJ., concur.

MOFFAT, C. J., having disqualified himself does not participate herein.

PRATT, J., on leave of absence.