(No. 35673.—

THE PEOPLE *ex rel.* Charles F. Carpentier, Secretary of State, Appellee, *vs.* WERNER GOERS, d/b/a Goers Motor Sales, Appellant.

*Opinion filed September 29, 1960.—Rehearing denied Nov. 30, 1960.*

RYAN & HELLER, of Mattoon, (ORVILLE F. SCHOCH, of counsel,) for appellant.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The Secretary of State of Illinois brought this action in the circuit court of Effingham County to enjoin Werner Goers from engaging in the business of selling or dealing in motor vehicles without a license, in violation of the applicable statute. (Ill. Rev. Stat. 1959, chap. 95½, pars. 5—101, 5—102.) A decree granting the injunction was entered on the plaintiff's motion for summary judgment, and the defendant appeals directly to this court. We have jurisdiction because the validity of a statute is involved. Ill. Rev. Stat. 1959, chap. 110, par. 75.

In 1957, Werner Goers was a licensed automobile dealer doing business as Goers Motor Sales in Altamont, Illinois. On December 5 of that year, after a hearing, the Secretary of State revoked his license upon charges that he had committed a fraudulent act in connection with the sale of a motor vehicle, and had failed to produce records pertaining to his licensed business, as required by the statute. Goers brought an administrative review action in the circuit court of Effingham County to review the decision of the Secretary of State and obtained a stay order. (Ill. Rev. Stat. 1959, chap. 110, par. 275.) This action was dismissed as moot in 1959, and the order dismissing the action is now pending on appeal in the Appellate Court for the Fourth District.

On December 31, 1957, the defendant applied for a license for 1958. The application was denied upon the

grounds upon which the revocation was based, and upon additional charges of statutory violations. Goers instituted an action to review this determination in the circuit court of Sangamon County. That court affirmed the decision of the Secretary of State, and an appeal from this judgment is now pending in the Appellate Court for the Third District.

Subsequently, after another hearing, the Secretary denied the defendant's application for a license for 1959, and Goers's action to review this determination was pending in the circuit court of Sangamon County when the case now before us was decided in the trial court. On December 29, 1958, the Secretary instituted the present action to restrain Goers from engaging in business without a license with the result that has been stated.

We consider first the constitutional issue upon which our jurisdiction upon direct appeal is based. The defendant contends that sections 5—101(e) and 5—102(e), (Ill. Rev. Stat. 1959, pars. 5—101, 5—102), which direct the Secretary of State to examine and grant or deny an application for a motor vehicle dealer's license "within a reasonable time," are invalid because they delegate legislative power to an executive officer, and because they authorize him to act on some applications immediately while arbitrarily delaying others indefinitely. Both objections are without merit. The Secretary is charged with the duty of determining whether an application for a license conforms to the statutory requirements and whether any reason, as prescribed in the statute, exists for denying the license. These duties may, upon occasion, require time-consuming investigation and difficult judgments. The statute gives the Secretary "a reasonable time" to perform these functions before acting on a license; it does not authorize arbitrary delay. Whether a definite period in which the Secretary must act would be desirable or harmful is a decision for the legislature. Inclusion of such a period is not essential to the

validity of the statute. *Cf. Jaffe* v. *Cruttenden,* 412 Ill. 606, 610.

Nor is there any basis for asserting, as the defendant does, that the statute has been administered in a discriminatory fashion, and so is invalid under the doctrine of *Yick Wo* v. *Hopkins,* 118 U.S. 356, 30 L. ed. 220. This assertion rests on the fact that the defendant's application for a 1959 license was filed on October 31, 1958, and was not denied until February 5, 1959, after the defendant had filed a *mandamus* action to compel the Secretary to act upon the application. That single circumstance, involving as it did an application that presented obvious legal problems, does not, of course, begin to approach the systematic scheme of discrimination that would be required to bring the *Yick Wo* doctrine into play.

The defendant's attack upon the sufficiency of the complaint is also without merit. Summarized, the complaint alleged that since on or about January 1, 1959, the defendant had been selling new and used automobiles, that no license had been issued to him, and that unless his conduct was restrained the rights of the People of the State of Illinois would be unduly prejudiced. The defendant's attack is upon the ground that the complaint fails to allege facts showing that irreparable injury is threatened in the absence of an injunction, and that the remedy at law is adequate. Both of these propositions are negatived by the statute which expressly authorizes issuance of an injunction "to enforce the provisions of this Act, in addition to the penalties and other remedies in this Act provided." Ill. Rev. Stat. 1959, chap. 95½, par. 2—116. See, *e.g., Burden* v. *Hoover,* 9 Ill.2d 114, 119; *Security Exchange Com.* v. *Jones,* 85 F.2d 17 (1936); *State* v. *Manpower of Omaha,* 161 Neb. 387, 73 N.W.2d 692; *Nevada Real Estate Com.* v. *Bessel,* 72 Nev. 79, 294 P.2d 1115.

The most serious problem in the case concerns the effect of the pendency of the various administrative review pro-

ceedings involving the revocation of the defendant's 1957 license and the denial of his applications for 1958 and 1959 licenses. The pendency of these proceedings was alleged in the defendant's answer and also in his affidavit in opposition to the Secretary's motion for summary judgment. With respect to this problem, the position of the Secretary is direct and simple: the statute requires a license, the defendant does not have one, and therefore the injunction properly issued.

In support of this position two decisions of this court are cited in which unlicensed operations were punished even though the court recognized that the license might have been wrongfully denied. (*City of East St. Louis* v. *Wider*, 46 Ill. 351; *Kadgihn* v. *City of Bloomington*, 58 Ill. 229.) In each of these cases, however, it was pointed out that the remedy available to the defendant was an action for a writ of *mandamus* to compel the issuance of a license. Since those cases were decided the statutory scheme for the review of administrative determinations has been substantially revised. The action of the Secretary in suspending, revoking or denying any license is now subject to judicial review under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1959, chap. 95½, par. 2—117.) In the cases to which it applies, the Administrative Review Act eliminates statutory, equitable or common-law remedies by which administrative determinations had theretofore been reviewed, and provides instead for judicial review upon the record made before the administrative agency. The remedy by way of *mandamus* which accounted for the decisions relied upon by the Secretary is thus no longer available, and the rights of the parties must be appraised in the light of the new statutory scheme of review.

The present substitute for the writ of *mandamus* is administrative review with an order staying, in whole or in part, the decision of the administrative agency pending the

final disposition of the case. (Ill. Rev. Stat. 1959, chap. 110, par. 275.) The record shows that a stay order was entered in the action to review the revocation of the defendant's 1957 license. The exact terms of the stay order do not appear in the record, but upon oral argument we were advised that it stayed entirely the Secretary's order of revocation. The parties differ sharply as to the effect of this stay order.

The theory of the defendant is that it gave his 1957 license a continuing validity. This theory is inconsistent with his successive applications for licenses for subsequent years. And what is more important, it is inconsistent with the statutory provision for annual licenses that expire with the expiration of the calendar year. (*Lauren W. Gibbs, Inc.* v. *Monson,* 102 Utah 234, 129 P.2d 887.) The Secretary's theory appears to be that the stay order had no effect upon applications for licenses for subsequent years, because it related to a license which, under the statute, expired on December 31, 1957. The difficulty with this theory is that it fails to take account of the continuity between licensing periods which the statute contemplates.

The effect to be given such a stay order must depend upon the nature and scope of the administrative decision to which it relates. While it is true that the licenses of automobile dealers have always been annual licenses which expired at the close of the calendar year for which they were issued, (Ill. Rev. Stat. 1959, chap. 95½, par. 5—101, 5—102; 1955, chap. 95½, par. 17d,) it does not follow that one licensing period is completely divorced from another. The applicable statutes have always provided identical grounds for the revocation of a license and for the denial of a license. (Ill. Rev. Stat. 1959, chap. 95½, Par. 5—501; 1955, chap. 95½, pars. 17d. 17f.) Revocation of a license thus has a continuing effect that does not terminate with the expiration of the calendar year for which it was issued, because the ground upon which the license was

revoked may serve also as the basis for denial of an application for a license for a subsequent year.

Judicial review of the administrative revocation of a license under this statute would be meaningless if, in the face of a stay order, the administrative officer was free to deny a license for a subsequent period upon the identical grounds involved in the pending action. The stay of a revocation order under this statute must therefore mean that while the administrative review proceeding is pending, the grounds upon which the revocation was based may not serve as the basis for a denial of a license for a subsequent period. *Lauren W. Gibbs, Inc.* v. *Monson,* 102 Utah, 234, 129 P.2d 887.

It was pointed out upon oral argument, however, that the application for the 1958 license was denied upon other grounds in addition to those upon which the revocation of the 1957 license was based. We have no information as to the basis upon which the application for the 1959 license was denied. Furthermore, the defendant did not, either by pleading or by affidavit, assert that any stay order was entered in the actions which he brought to review the denial of his applications for 1958 and 1959 licenses.

With respect to those years the defendant's affidavit in opposition to summary judgment states: "Affiant further states that upon denial of the 1958 application, Defendant perfected judicial review of this application and by means of posting a bond with the Circuit Court of Sangamon County an automatic supersedeas of the order of denial of the Secretary of State became effective and continues to be effective to the present date and that said suit is presently pending in the Appellate Court for the Third District of Illinois. Affiant further states that application was made for a 1959 new motor vehicle dealer's license and that the Plaintiff denied said application and that the order of denial herein is presently the subject of an appeal in the Circuit Court of Sangamon County."

The reference to "an automatic supersedeas" is meaningless. Whether or not the effect of an administrative decision is to be stayed pending judicial review calls for a careful exercise of judicial discretion. The statute contains no provision for "an automatic supersedeas," which would preclude the exercise of that discretion. There is no indication that any effort whatsoever was made to secure a stay of the administrative decision denying his application for a 1959 license.

Under these circumstances the defendant failed to meet the case made by the Secretary, and the decree of the circuit court is therefore affirmed.

*Decree affirmed.*