Werner Goers, d/b/a Goers Motor Sales, Plaintiff-Appellant, v. Charles F. Carpentier, Defendant-Appellee.

Term No. 60–M–6.

Fourth District.

October 31, 1960.

Ryan & Heller, of Mattoon, for appellant.

Grenville Beardsley, Attorney General of the State of Illinois, for appellee.

CULBERTSON, P. J.

This cause is before us on an appeal from an order of the Circuit Court of Effingham County in an administrative review action dismissing plaintiff, Werner Goers' complaint for administrative review as against Charles F. Carpentier, Secretary of State, on the ground that the case was moot. The plaintiff who did business as Goers Motor Sales, had his license as a motor vehicle dealer revoked on December 5, 1957 for alleged fraudulent practices. The order of revocation was apparently based on testimony and evidence presented at hearings.

On consideration of this matter before us we are not concerned with the merits of the revocation but the only questions to be reviewed are whether or not the Court properly found the case to be moot, and if so, whether or not the Court was in error in failing to

reverse the order of the Secretary of State so as to prevent the administrative decision from being res adjudicata in present and future proceedings between the parties.

The motor vehicle dealers' licenses are issued annually. It is the contention of the Secretary of State in this Court that the order of revocation of the license was an administrative order which could not be res adjudicata of the issues determined since it did not automatically preclude plaintiff from obtaining a license for a subsequent year. It has been directed to our attention that at the time of the filing of the motion to dismiss for the reason that the appeal was moot, there had been no determination on the merits, and that also at such time there was pending in the Third District Appellate Court an appeal testing the validity of the order of the Secretary of State denying plaintiff's application for a license to sell cars in 1958. It is pointed out that at least one of the reasons for denial of the 1958 application was the conduct found to exist in the revocation order in the 1957 proceedings.

On the first issue as to whether the cause is moot it is contended by the Secretary of State that under the Motor Vehicle Act the revocation does not necessarily preclude plaintiff from obtaining a license for a subsequent year since the Act (1959 Illinois Revised Statutes, Chapter 95½, Section 5–501), provides that license of a motor vehicle dealer may be denied, revoked, or suspended, after the Secretary of State finds that the dealer is guilty of certain acts. It is the contention in this Court that under such circumstances the statute vests discretion in the Secretary of State and not a mandatory direction, and that if the Secretary of State were to revoke a subsequent license on the sole basis of a former revocation and treat the revocation

as a conclusive adjudication, the denial would be unauthorized.

In support of the position taken by the Secretary of State the case of Maywood Park Trotting Ass'n, Inc., v. Illinois Harness Racing Commission, 15 Ill.2d 559, 155 N.E.2d 626, is cited. In that case the Supreme Court did find that the issues were moot but that once the determination has been made the Court was concerned about the effect of the order as supporting the decision of the Trial Court. The Supreme Court then concluded that the case was moot and since the Court did not want to be understood as affirming the Trial Court, the cause was reversed and remanded to the Superior Court of Cook County with directions to dismiss the complaint on the ground of mootness, citing La Salle Nat'l. Bank v. City of Chicago, 3 Ill.2d 375, 121 N.E.2d 486. As we understand plaintiff, substantially the same result is desired by plaintiff in this case. In the latter case the Supreme Court had stated that appropriate disposition of the case required that the judgment of the Circuit Court which could not be reviewed because of intervening events which had made the case moot, be set aside. Such a disposition, the Court concluded, would make it clear that the matter would not be res adjudicata since there is no judgment on the merits (National Jockey Club v. Illinois Racing Commission, 364 Ill. 630, 5 N.E.2d 224).

■ ■ Under the facts we are of the opinion that the question is now moot. While it would normally be the practice to dismiss the appeal in which a case has become moot, the circumstances in the instant case that the findings of the Secretary of State in this case might be considered as res adjudicata as to certain facts on an application by plaintiff in subsequent years, requires a different procedure. While we are not determining the issues, we believe, consistently

358

with precedents in this State, that plaintiff should be given the opportunity as a result of this decision to avoid a contention as to res adjudicata from being asserted for subsequent years.

This cause will, therefore, be reversed and remanded to the Circuit Court of Effingham County, with directions to consider the record and to enter an appropriate order consistent with this opinion.

Reversed and remanded, with directions.

SCHEINEMAN, J. and HOFFMAN, J., concur.