(No. 36297.—

CHARLES F. CARPENTIER, Secretary of State, Appellant, *vs.*
WERNER GOERS, d/b/a Goers Motor Sales, Appellee.

*Opinion filed Sept. 22, 1961.—Rehearing denied Nov. 29, 1961.*

WILLIAM L. GUILD, Attorney General, of Springfield,
(WILLIAM C. WINES, and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellant.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case presents another episode in what has become unduly protracted and tangled litigation between Werner Goers, doing business as Goers Motor Sales, and the Secretary of State. The difficulties began in 1957, when, after a hearing, the Secretary revoked the plaintiff's license as a motor vehicle dealer on the grounds that he was guilty of fraudulent practices and had failed to produce his books and records for inspection after a proper demand had been made. The plaintiff instituted an action in the circuit court of Effingham County to review that administrative decision,

and obtained a stay order under the statute. (Ill. Rev. Stat. 1959, chap. 110, par. 275.) Thereafter the circuit court dismissed the action as moot, and the Secretary appealed to the Appellate Court for the Fourth District. That court agreed that the case was moot, and therefore did not consider the merits. But to avoid the possibility that the findings of *Goers,* standing unreversed, might be considered as *res judicata* in subsequent proceedings, it reversed the judgment and remanded the cause with directions "to consider the record and to enter an appropriate order consistent with this opinion." (*Goers* v. *Carpentier,* 27 Ill. App. 2d 355, 359.) No attempt was made to review that judgment in this court.

In the meantime the Secretary had also denied the plaintiff's application for a motor vehicle dealer's license for 1958. That application was denied upon four grounds. Two of them were those upon which the 1957 license had been revoked, and the other two related to alleged subsequent misconduct. The plaintiff then brought the present action in the circuit court of Sangamon County to review that decision. The circuit court affirmed the action of the Secretary, but the Appellate Court for the Third District reversed, (*Goers* v. *Carpentier,* 27 Ill. App. 2d 407) and we allowed leave to appeal. While this is the case before us for decision, there is still another action between these parties which is relevant to its determination.

The Secretary also denied Goers' application for a 1959 license, and then commenced an action in the circuit court of Effingham County to enjoin him from engaging in the business of selling or dealing in motor vehicles without a license. A decree was entered granting such an injunction, and Goers appealed directly to this court upon the ground that the statute authorizing the issuance of motor vehicle dealers' licenses was unconstitutional. We took jurisdiction, and affirmed the decree. *People ex rel. Carpentier* v. *Goers,* 20 Ill.2d 272.

In our opinion we pointed out that under the applicable statute, administrative action with respect to a license for a particular year could not be regarded as an isolated transaction, the effect of which ended with the end of the license year. And in the light of that fact, we considered the effect to be given to the stay order entered in the proceeding to review the revocation of the 1957 license. We said: "While it is true that the licenses of automobile dealers have always been annual licenses which expired at the close of the calendar year for which they were issued, (Ill. Rev. Stat. 1959, chap. 95½, par. 5—101, 5—102; 1955, chap. 95½, par. 17d,) it does not follow that one licensing period is completely divorced from another. The applicable statutes have always provided identical grounds for the revocation of a license and for the denial of a license. (Ill. Rev. Stat. 1959, chap. 95½, par. 5—501; 1955, chap. 95½, pars. 17d. 17f.) Revocation of a license thus has a continuing effect that does not terminate with the expiration of the calendar year for which it was issued, because the ground upon which the license was revoked may serve also as the basis for denial of an application for a license for a subsequent year. Judicial review of the administrative revocation of a license under this statute would be meaningless if, in the face of a stay order, the administrative officer was free to deny a license for a subsequent period upon the identical grounds involved in the pending action. The stay of a revocation under this statute must therefore mean that while the administrative review proceeding is pending, the grounds upon which the revocation was based may not serve as the basis for a denial of a license for a subsequent period. *Lauren W. Gibbs, Inc.* v. *Monson,* 102 Utah 234, 129 P.2d 887." 20 Ill.2d at 278-9.

In the case that is now before us the Appellate Court for the Third District applied our decision in these terms:

"It would thus appear that the Secretary of State was not entitled to consider the 1957 proceedings or the judg-

ment entered thereon as grounds for denial of the 1958 application as long as the stay order remained effective and the case was still pending.

"We are aware that the Supreme Court in the above case has said that 'the ground upon which the license was revoked may serve also as the basis for denial of an application for a license for a subsequent year.' As we interpret this statement, in the light of other language in the Supreme Court's opinion, the Secretary of State may continue, to assign as grounds, for refusal to grant a renewal of plaintiff's license for each year subsequent to 1957, the same grounds as assigned for revoking the plaintiff's 1957 license. However, the matter becomes one of proof and if he does so assign such grounds, he becomes obligated to prove such grounds without reference to the prior proof and hearing, especially where, as in this case, there is a stay order." 27 Ill. App. 2d at 423-4.

This is a correct interpretation of our opinion. The stay order would be meaningless if the Secretary was free to make findings of fact based solely upon his prior revocation order. While the effect of an administrative order is stayed, it cannot be regarded as *res judicata* in a subsequent administrative proceeding. This means that while the Secretary may again assign the grounds relied upon in the revocation proceeding as grounds for the denial of a license for a subsequent period, he must prove them in the subsequent proceeding. Whether the original testimony must be repeated in the second proceeding or whether the transcript of the former testimony is admissible, depends primarily upon the availability of the witnesses. See McCormick on Evidence, chap. 26.

In this case the Secretary's findings of fact were that the plaintiff's 1957 license had been revoked, and that he was also guilty of other misconduct not involved in the revocation proceeding. There were thus no findings of fact with respect to the charges upon which the revocation was

based. The Appellate Court considered the charges of additional misconduct, and found them insufficient, standing alone, to justify the denial of the 1958 license. We find it unnecessary to review the correctness of this determination because the Secretary's ruling was not based upon the additional misconduct alone. His decision stated that his action "is not based solely upon [those acts], but also upon the prior unlawful conduct of [the plaintiff]."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*