Marshall Levis, Plaintiff-Appellant, v. Department of Registration and Education of State of Illinois, and John C. Watson, as Director of Department of Registration and Education of State of Illinois, Defendants-Appellees.

**Gen. No. 52,994.**

First District, First Division.

November 10, 1969.

Cecil E. Magid and Grossman, Kasakoff, Magid & Silverman, of Chicago, for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago (Francis T. Crowe and Bruce J. Finne, Assistant Attorneys General, of counsel), for appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This is an administrative review action. Plaintiff appeals from an order of the Circuit Court affirming a "revocation order" entered by the Department of Registration and Education of the State of Illinois (hereinafter referred to as the Department), which revoked the certificate of registration of Marshall Levis, O.D., to practice optometry in the State of Illinois.

The revocation order was entered on May 5, 1967, when John C. Watson, the Department's Director, adopted the findings and recommendations of the Optometric Examining Committee which had conducted an extensive hearing into plaintiff's alleged violation of the Illinois Optometric Practice Act, Ill Rev Stats, c 91, § 105.1 et seq. (1965). The proceedings commenced on March 11, 1965, by the filing of a complaint against Marshall Levis, alleging several violations of the Act. The grounds for revocation concerned the plaintiff's failure to notify the Department of a change of address of his optometric office location; the plaintiff's conviction for practicing

optometry without a license in the State of Indiana; and the plaintiff's office association and engagement in optometric services with the Marsh Optical Co., Inc., an Illinois Corporation, to establish a common scheme or plan to enable the plaintiff to obtain unfair economic advantage over other practitioners of optometry in the general area.

A hearing was conducted before the Optometric Examining Committee, which was commenced on July 12, 1965, and terminated when the Committee submitted its findings and recommendations on November 30, 1966. The Committee concluded that sufficient evidence had been presented to warrant the revocation of plaintiff's certificate of registration based upon the alleged violations contained in the complaint of March, 1965.

Plaintiff's brief and argument raised the issue of mootness, the sufficiency of the evidence in support of the revocation, and an issue regarding the alleged prejudice of the hearing.

The plaintiff has established, without contradiction of the appellees, that the Department continued to renew the plaintiff's certificate of registration while the revocation proceedings were continuing. Thus, the Department accepted the plaintiff's application for a renewal certificate after the filing of the instant complaint and issued subsequent annual certificates to the plaintiff commencing on May 1, 1965 and May 1, 1966. It is plaintiff's contention that this action by the Department rendered the revocation proceeding moot and constituted a final determination of the charges brought against him. In support of this contention, the plaintiff places great emphasis upon a group of related cases involving the revocation of an individual's license to sell motor vehicles. Goers v. Carpentier, 27 Ill App2d 355, 169 NE2d 858 (1960) ; People ex rel. Carpentier v. Goers, 20 Ill2d 272, 170 NE2d 159 (1960) ; Carpentier v. Goers, 23 Ill

2d 246, 177 NE2d 858 (1961). The licensee in these cases, including Goers v. Carpentier, 27 Ill App2d 407, 169 NE2d 845 (1960), had his license revoked by the Secretary of State and subsequent applications for renewal were denied on the strength of the findings in support of the prior revocation. In the instant case, plaintiff argues that these cases are conclusive upon the proposition that the subsequent issuance of certificates of registration rendered the administrative proceedings moot. We do not agree with plaintiff's interpretation of the Goers cases, nor do we find merit in this particular argument.

First of all, the Goers cases did not consider the question of the effect of subsequent renewals of a license upon a pending revocation proceeding. On the contrary, the Goers decisions involved the consequences of a stay order entered upon a revocation determination and the interpretation that follows in a subsequent administrative review of that decision where the license had expired before the judicial review was completed. The principles involved in these decisions are not germane to the issue in this case, with the exception that the Appellate Court of the Fourth District, in the Goers case, 27 Ill App2d 355, 169 NE2d 858 (1960), dealt with a question of mootness of an administrative review action where the term of the license had expired before the trial court had conducted administrative review proceedings. Plaintiff has attempted to apply that mootness argument to the administrative proceeding in the instant case. LaSalle Nat. Bank v. City of Chicago, 3 Ill 2d 375, 121 NE2d 486 (1954). We believe the analogy to the Goers cases is not supported in fact or law. Furthermore, the Goers decisions dealt with other related questions concerning the application of res judicata of the revocation order to the subsequent denial of license renewal and the evidentiary matters with regard to

justifying the subsequent denial of renewal applications. Childers v. Illinois Liquor Control Commission, 67 Ill App2d 107, 213 NE2d 595 (1966).

In the instant case, the mootness argued by the plaintiff was directed at the Department's complaint due to the reissuance of plaintiff's certificate of registration. It is interesting to note that the Department's issuance of the subsequent certificates to the plaintiff has avoided the situation that caused the vigorous and extended litigation in the Goers cases. Plaintiff's argument is that the Department had a duty to refuse to issue renewal certificates during the pendency of this revocation proceeding. We believe this is an incorrect construction of the Statute which allows the Department to exercise discretion in dealing with optometrists' certificates in section 105.13 of chapter 91, Ill Rev Stats (1965), wherein it is stated:

> "The Department of Registration and Education may either refuse to issue, or may refuse to renew, or may suspend, or may revoke any certificate of registration, and it is the duty of the said Department to so refuse, suspend, or revoke any such certificate of registration, for any one or any combination of the following causes . . . ."

It is significant to emphasize that the Department is empowered to revoke "any certificate of registration" regardless of when the revocation has been ordered. We do not agree with plaintiff's contention that to avoid mootness in the instant revocation proceeding, the Department was required to reissue an amended complaint after each certificate of registration that was issued to the plaintiff. This would cause an unnecessary burden upon the administrative agency and would be irrelevant to the issues which were joined by the complaint of March, 1965. The delay of the hearing of

this complaint, the recommendations made by the Committee and the revocation order were extended over a long period of time. However, we do not feel that this is a basis for denying the Department's power in proceeding against the plaintiff. Quite the contrary, we feel the Department's renewal of the plaintiff's certificate during this proceeding was a benefit to him. Accordingly, we are persuaded to hold that the reissuance of the subsequent certificates to a certificate holder during the pendency of a revocation proceeding does not render the administrative procedure moot, nor does that fact constitute a final determination of the alleged violations of the applicable statutory provisions.

■ Plaintiff next contends that the Examining Committee conducted themselves in a prejudicial manner to the derogation of his constitutional right to due process at the hearing of this matter. The appellant argues that certain statements made by the legal adviser and the Committee chairman manifested the prejudicial environment of this hearing. We believe that a careful examination of the entire record shows that the hearing was conducted on an impartial basis and that the statements relied upon by plaintiff were taken out of context. In furtherance of plaintiff's prejudice argument, he notes that he was called by the Committee's legal adviser under section 60 of the Civil Practice Act, chapter 110, Ill Rev Stats (1967). Whatever impropriety that may be argued from this procedure, the answer lies in the fact that the Department is empowered by section 105.14, chapter 91, Ill Rev Stats (1965), to subpoena any person to testify before a hearing and "to take testimony either orally or by deposition or both, with the same fees and mileage and in the same manner as prescribed by law in judicial procedure in civil cases in Courts of this State." We are of the opinion that this statutory provision sufficiently justified the procedure employed

in calling the plaintiff as a witness for the Department and did not constitute error.

■ ■ Finally, the appellant challenges the findings of the hearing committee, as adopted by the Director in the revocation order, as contrary to the evidence. We must analyze these contentions in light of the established rules that a reviewing court may not substitute its judgment for that of an administrative agency where substantial evidence supports a finding of that agency. Gordon v. Board of Trustees of Firemen's Pension Fund of City of Joliet, 77 Ill App2d 234, 222 NE2d 28 (1966), and that on administrative review the court's function is limited to ascertaining if the pleadings and decision of the administrative agency are against the manifest weight of the evidence, Rutledge v. Department of Registration and Education, 77 Ill App2d 103, 222 NE2d 195 (1966).

■ Upon a careful reading of the record, we are of the opinion that there was substantial evidence presented to sustain the revocation of plaintiff's certificate of registration. The evidence shows that the plaintiff did not notify the Department of his change of office for practicing optometry for a two-month period, in violation of section 105.11 as a ground for revocation under section 105.13(j) of the Act. The record also discloses a violation of section 105.13(a) in that a conviction of the plaintiff for the illegal practice of optometry in Indiana was properly proven. It is a fact that a prior conviction alone is sufficient to uphold the revocation under that provision.

There was sufficient evidence to prove that plaintiff had entered into an association with Marsh Optical Company in violation of section 105.13(i), (m), and (r) which prohibit an optometrist from advertising or associating with one who advertises optometric services. The photographs introduced into evidence reveal that there were

eyeglass displays visible to the public from the street; that the sale of eyeglasses, frames and lenses were likewise advertised from the Marsh Optical Company; and that plaintiff's offices were contained within the same building as Marsh Optical Company and were connected by a full-length clear glass door containing plaintiff's name and advertised profession of optometrist and access to plaintiff's place of business was available to the public through the premises of the optical company. Furthermore, it was uncontroverted that the premises leased by plaintiff and the optical company were contiguous, with the leases having been negotiated contemporaneously and involving the same individuals. The evidence also established that the day to day operations of the optical company were carried out by plaintiff, including the advertising, ordering of inventory, signing of checks and fixing of prices. The evidence further showed that the plaintiff and the optical company carried on a referral of patients for the enhancement of each other's economic advantage.

Without going into a further repetition of the evidence as presented, we are of the opinion that sufficient evidence was presented to justify the revocation of plaintiff's certificate of registration.

The findings and order of the Department of Registration and Education of the State of Illinois and the order of the Circuit Court of Cook County are approved.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.